Redd *vs.* Blandford *et al.*

---

SOULE REDD, executor, plaintiff in error, *vs.* MARK H. BLANDFORD *et al.*, defendants in error.

1. The sale of a house and lot under a judgment obtained against the testator during his life, to which a claim has been filed by a purchaser from such testator, will not be enjoined at the instance of the executor.

2. The prosecution of a bill in equity against an executor will not be enjoined where no averments are made showing why he cannot protect himself by pleading thereto any defense he may have.

Administrators and executors.   Injunction.   Before Judge JAMES JOHNSON.   Muscogee County.   At Chambers, March 5th, 1875.

Any further report of this case, beyond what is set forth in the decision, is deemed unnecessary.

INGRAM & CRAWFORD, for plaintiff in error.

BLANDFORD & GARRARD; PEABODY & BRANNON; LITTLE & CRAWFORD, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for an injunction to restrain the sale of a house and lot by one of the defendants, and to restrain the other defendants from prosecuting a bill in equity against the complainant, as executor. The presiding judge, on hearing the parties on a rule to show cause, refused the injunction prayed for, and the complainant excepted.

1. The judgment on which the execution issued had been obtained against the complainant's testator some time previous to his death, and the house and lot levied on was sold and conveyed by the complainant's testator to one Hamberger, who has claimed the same. What the complainant, as executor, has to do with the litigation between the plaintiff in the execution and the claimant to the house and lot levied on, or why the plaintiff in the execution, which has been levied thereon, should be enjoined from enforcing his judgment against that property, is not at all apparent to us from the allegations in the complainant's bill. If there are any good legal or equitable reasons why the house and lot levied on should not be made subject to the execution, the presumption is that Hamberger, the claimant, will make the same known in due time, without the interference of the executor, the more especially when it is alleged that his testator's estate is insolvent.

2. As to the prayer for an injunction to restrain Stoddard & Company from proceeding with their bill against the executor, nothing is alleged why he cannot protect himself by pleading such defenses thereto as he may think necessary or

proper for his protection. In our judgment there was no error in refusing the injunction on the allegations contained in the bill and answer of the defendant Blandford.

Let the judgment of the court below be affirmed.