GEORGE E. JONES

v.

THE CHESTER OIL CO.

1. REMEDY AT LAW—EQUITY JURISDICTION.—As it is not alleged that the defendant is insolvent, or that it is not amenable to the process of the court, the defendant has a complete and adequate remedy at law and the bill is without equity.

2. MULTIPLICITY OF SUITS.—Where the complainant's indebtedness to the defendant is shown to have been split up so as to be liable to be made

the subject of a number of suits by the voluntary act of the complainant, the mere fact that he has thereby rendered himself liable to a multiplicity of suits furnishes no ground for equitable relief.

ERROR to the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed October 29, 1885.

This was a bill in equity, brought by George E. Jones against the Chester Oil Company, to restrain the defendant from prosecuting certain suits at law against the complainant. The bill alleges, in substance, that on the 5th day of January, 1885, the complainant entered into a contract with the defendant, by which the complainant was granted the exclusive right, during the period of four years, to sell lubricating oils, lubricants, etc., for the defendant, in the city of Chicago and within a radius of twenty-five miles from the Cook county court house (except to certain enumerated parties), at prices and on terms specifically agreed upon; that the complainant immediately entered upon the duties of said agency, and continued therein until June 3, 1885, giving his best efforts thereto; that owing solely to his skill and acquaintance, said business immediately became prosperous and lucrative, complainant's profits averaging about $400 per month; that, in the prosecution of said business, the complainant kept on hand a limited stock of said goods, the same having been purchased of the defendant at the prices, and on the terms of credit, provided in the contract; that on the 29th day of May, 1885, the complainant being indebted to the defendant in the sum of $1,121.31, none of said indebtedness being then due, the defendant requested him to accept a series of drafts aggregating that amount, which it was proposing to draw, pretending that it needed them to use at the bank; to which request the complainant, not suspecting that the defendant had any intention of breaking or attempting to break said contract, acceded, and accepted eight drafts, aggregating the amount aforesaid, drawn on him by the defendant, payable to the order of F. J. Holt, and maturing at different dates in the months of June and July following, all of said drafts, with one exception, being less than $200.

Jones v. The Chester Oil Co.

The bill further alleges that, shortly after the acceptance of said draft, and on the third day of June, 1885, the defendant, without any legal or equitable cause, terminated the complainant's agency, and discharged him therefrom, thereby causing him large damage; that the defendant is still the owner and holder of said drafts; that the pretenses made to the complainant to induce him to accept the same were false; that on or about July 9, 1885, the defendant caused two suits to be instituted against the complainant on some of said drafts before a justice of the peace of Cook county; that thereupon the complainant offered " to waive the maturity of the balance of the drafts," so that one suit might be brought upon them all, which offer was declined by the defendant; that the company has threatened to, and will, bring a separate suit upon each of said drafts in order to annoy and harass the complainant and prevent his making a defense thereto; that he has a full and complete defense to all of said drafts, such defense consisting in a claim against the defendant, for commissions on goods sold by the defendant without the knowledge or consent of the complainant, within the territory aforesaid, in violation of said contract, and damages for the wrongful discharge of the complainant from said agency; that under the law, the complainant can make his defense to only one of said suits, and, if successful in his defense to such suit, the judgment therein would be a bar to his availing himself of his defense to any other suit; that the complainant " waives the maturity of the drafts not yet due," and offers to allow the defendant to immediately bring suit against him upon them all.

The bill prays for an injunction, restraining the defendant from bringing more than one suit against the complainant, on said drafts, and from negotiating said drafts.

A preliminary injunction having been awarded, the court, on motion of the defendant, dissolved the injunction, and dismissed the bill for want of equity, and the complainant brings the record to this court by writ of error.

Mr. George A. Gibbs, for plaintiff in error.

Mr. Wm. J. McMillan, for defendant in error.

PER CURIAM. So far as appears by the bill, the complainant has a complete and adequate remedy at law. It is not alleged that the defendant is insolvent, or that it is not amenable to the process of the court. If the complainant has a claim against the defendant for damages or commissions as alleged in the bill, no reason is shown why such claim may not be recovered in a suit at law.

The complainant's indebtedness to the defendant is shown to have been split up, so as to be liable to be made the subject of a number of suits, by the voluntary act of the complainant; and the mere fact that he has thereby rendered himself liable to a multiplicity of suits, furnishes no ground for equitable relief. He is at liberty to pay the drafts as they mature, there being no question as to his liability thereon, and resort to his action at law to recover damages and commissions of the defendant. Were the defendant insolvent or beyond the process of the court, the case would be different.

The bill is without equity, and was properly dismissed.

Decree affirmed.