Henderson v. Flanagan

---

# William Henderson v. Joseph E. Flanagan et al.

1. APPEALS AND ERRORS—*Appeals from Interlocutory Orders Granting Injunctions—Motion to Dissolve Not a Prerequisite.*—The language of the statute allowing appeals from interlocutory orders granting injunctions is so plain that there is no room for a construction which would require an appellant, before perfecting his appeal, to move for a dissolution of the injunction.

2. INJUNCTIONS—*Without Notice—Showing Necessary.*—Before an injunction can be granted without notice, facts must be stated from which the court can see that irreparable injury will or is liable to result unless such an injunction be issued.

3. SAME—*That Defendant May Evade Service of Summons, Not Ground for Issuance of, Without Notice.*—That a defendant may depart from the jurisdiction of the court, so that service can not be had upon him, if notice should be served upon him, is not sufficient ground for the issuance of an injunction without notice, for there is no reason why service of summons can not be had at the same time the notice of an application for an injunction is served.

4. SAME—*To Restrain Multiplicity of Suits.*—That a suit has been commenced and sixty more threatened is not of itself a cause for the interference of equity by injunction, where such suits will all be between the same parties.

5. EQUITY—*Jurisdiction of, in Matters of Account.*—A court of equity has no jurisdiction in matters of account unless it appears that the accounting can not be justly and fairly taken in a court of law.

**Bill,** for an injunction and an accounting. Appeal from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed April 18, 1898.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

It is difficult to conceive the theory upon which this injunction was granted. Assuming from certain charges made in the bill that its purpose was to prevent a multiplicity of suits, we will consider that question, which we believe is the only theory which bears any semblance of plausibility, and which, from the manner in which the bill is drawn, seems to be the purpose sought to be attained. We shall urge as grounds for reversing this order the following propositions, any one of which, we think sufficient to require a reversal :

This injunction must be dissolved because it was issued without notice to appellant, and no facts appear, either by allegations of the bill or by affidavit, which warrant the issuance of an injunction without notice. Brough v. Schanzenbach, 59 Ill. App. 407; King v. Pardridge, 60 Ill. App. 475; Becker v. Defebaugh, 66 Ill. App. 504.

The complainants show an adequate remedy at law, and therefore the injunction should not have been granted. Poyer v. Village of Des Plaines, 123 Ill. 111; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 381; Woodward v. Seely, 11 Ill. 157; Hartman v. Heady, 57 Ind. 545.

Complainants do not show that they have successfully

Henderson v. Flanagan.

established their defense in any suit at law.   Poyer v. Village of Des Plaines, 123 Ill. 118;  Pratt v. Kendig, 128 Ill. 296;  Imperial Fire Insurance Co. v. Gunning, 81 Ill. 239; Nevitt v. Gillespie, 1 Howard (Miss.), 111;  Eldridge v. Hill, 2 Johns. Ch. 281.

Injunctions will be granted to prevent a multiplicity of suits only when a number of persons claim or defend the same right.   2 Story's Eq. Jur., Sec. 857;  Poyer v. The Village of Des Plaines, 123 Ill. 118;  Commissioners of Highways v. Green, 156 Ill. 510;  Chicago Public Stock Exchange v. McClaughry, 148 Ill. 380;  Imperial Fire Ins. Co. v. Gunning, 81 Ill. 236;  Eldridge v. Hill, 2 Johns. Ch. 281; Kinkaid v. Hiatt, 24 Neb. 579;  Lapeer County v. Hart, Harrington (Mich.), 159;  1 High on Injunc., Sec. 700.

Lynden Evans, attorney for appellees.

It is an elementary rule that an appeal will not be allowed until the party praying it has exhausted his remedy in the court below.   The transcript of the record before this court fails to disclose any motion below to dissolve the injunction and in the order granting the appeal an objection is preserved upon this ground.

This question turns upon the construction of the act of 1887, allowing appeals in certain cases from interlocutory orders.

Under this statute can an appeal be taken from an order of injunction, granted *ex parte*, where no motion has been made in the court granting the injunction writ, either to modify, dissolve or otherwise affect the injunction order?   One of the tests of statutory construction is the effect produced.  If one construction preserves the intent of the statute, it will be preferred to one which, while preserving the intent of the statute, yet produces an anomalous result or repeals other statutes by implication.   Village of Hyde Park v. Oakwoods Cemetery Ass'n, 119 Ill. 141;  People v. Barr, 44 Ill. 198;  Endlich on Interpretation of Statutes, Secs. 210, 245, 251, 258, 326 and 328;  People v. Board of Com'rs of I. & M. Canal, 3 Scam. 153.

(*a*) Section 27 of the chancery act, provides that the court "may permit the parties to amend their bills, pleas, answers and replications on such terms as the court may deem proper." No court of conscience will ever allow a case to fail because the statement of it in the first instance may have been informal or inartificial. The right of amendment without prejudice to the injunction is a well established right. Daniell's Ch. Pr. * page 424 (6th Am. Ed.), and cases cited; High on Injunctions, Sec. 1594 (3d Ed.).

But there is no power to amend this bill in this court, if it were technically defective, and this would not only be a hardship, but the deprivation of a right both equitable and statutory. 2 Am. & Eng. Ency. of Pl. and Pr., 258, Head 6.

If, therefore, the construction of appellant obtains, Sec. 27 of the chancery act must be considered as set aside for these proceedings and repealed by implication by the statute authorizing appeals from interlocutory orders—a construction never indulged in except where necessary.

(*b*) The statute on injunctions, Sec. 15, Chap. 59, R. S., provides for a motion in the court below to dissolve the injunction at any time upon answer or for want of equity on the face of the bill. That section was in the statutes of 1845, and appellate courts were constituted in 1877, and so it is evident such motions should be made below. Section 15 must, therefore, be held to be repealed, or at least rendered inapplicable to actions of this kind, by the statute allowing appeals from interlocutory orders, if this appeal is held to be properly taken.

(*c*) It will hardly be denied that a complainant has a right to read affidavits in support of his bill, and he has a right to do that on a motion to dissolve the injunction, under Sec. 17 of the injunction act, which act was also in force before the act of 1887 in question. But he is deprived of this right if this appeal can be maintained.

It is no answer to say that the statutory rights will not be infringed because this court can reverse the decree and then an amendment may be made below and another injunction asked. To take this position is, as shown hereafter, to

use this court to fix the pleadings for the trial court and to give this court original jurisdiction, which is unconstitutional.

(d)   The question is, what did the legislature mean by an interlocutory order or decree granting an injunction, etc.?   Practice Act, Sec. 107.

The statute on injunctions in force before this act refers entirely to injunctions on notice, with the exception of one section, allowing injunctions without notice upon proper showing.   This exception is only declaratory of the power of chancery to hold any condition of affairs *in statu quo* pending an investigation.   It is to be presumed that the legislature had in mind the granting of an injunction with notice, or at least an adjudication by the court after both sides are heard, by the use of the words " order or decree granting an injunction."   *Audi alteram partem* is a maxim of the law declarative of the very foundation of our judicial system.   The legislature must be held to have meant that the granting of an injunction from which an appeal could be taken must have been an adjudication of the court after hearing both parties.

This construction deprives neither side of any rights, and is, I submit, the reasonable view of the question.

(e)   An order for an injunction to preserve affairs *in statu quo* and granted under the statute when the conditions named are made to appear to the trial court is in its very essence, an exercise of discretion and not an adjudication in the sense in which the words " order or decree" are used in the statute in question.

It has been a rule of law of long standing, before 1887, when this statute was enacted, that, in general, matters of discretion were not appealable.   Elliott on Appellate Procedure, Secs. 598 and 600, and cases cited.

In New York appeals are allowed upon the adjudication of every substantial right, but not from discretionary orders. Livermore v. Bainbridge, 56 N. Y. 72.

It has been held here that the granting of a preliminary injunction is discretionary, and that, it is urged, is conclu-

sive on this point.   Marble v. Bonhotel, 35 Ill. 240; Crain v.
Bailey, 1 Scam. 321.

(*f*)   Again we submit that it is the law that where a party
fails to object below he is presumed on appeal to waive con-
tention.   Reeves v. State, 96 Ala. 33; Denegre v. Moran,
36 La. Ann. 423; Board of Com'rs of Shawnee Co. v. State
of Kansas, 49 Kan. 486.

The authorities show that in the absence of objection
below, objection may not be made for the first time in this
court.   In other words, appellant is estopped from com-
plaining here.

(*g*)   Appellant's construction is absurd, because it confers
original jurisdiction on an Appellate Court.

The first part of the 28th section of the statute on courts
conferring jurisdiction upon this court says: "The said
appellate courts created by this act shall exercise appellate
jurisdiction only."

The definition of the words "appellate" and "original"
is settled for this State in Crull v. Keener, 17 Ill. 246, which
case has since been cited with approval a score of times.
That the act is constitutional there can be no doubt, and it
must, therefore, be held that it did not confer any original
jurisdiction upon the Appellate Court.   But this proposi-
tion is not only one of principle, but it is also one of author-
ity.   It is laid down in 2 Ency. of Pl. & Pr., 75, that where
statutes allow appeals from interlocutory orders "affecting
the substantial right or involving the merits," an order in
the nature of a final judgment decisive of some question or
point in the case is meant, as distinguished from mere rul-
ings on matters of practice arising during the progress of
the cause.   Under such broad statutes orders staying pro-
ceedings are held not appealable.   Johnston v. Reiley, 24
Wis. 494; Parmalee v. Wheeler, 32 Wis. 429; Noble v.
Strachan, 32 Wis. 314; Peeper v. Peeper, 53 Wis. 507.

Applying that principle here, the granting of an injunc-
tion without notice, which will only be allowed in order to
preserve property *in statu quo* and prevent irreparable in-
jury, is a mere matter of practice or ruling during the prog-

ress of the cause staying proceedings *in statu quo*, and is not an adjudication upon the merits nor a passing upon any substantial right.

And the statement of the Encyclopedia is borne out by a long list of cases from Iowa, Minnesota, New York and Wisconsin.

The exact question has been decided in Indiana, where the words of the statute are substantially identical with ours. They are (Horner's Ann. Stat. 1896, Sec. 646): "Appeals to * * * may be taken from an interlocutory order of any Circuit Court or judge thereof in the following cases;" and the third head thereunder is as follows: "Granting or dissolving or overruling motions to dissolve an injunction in term and granting an injunction in vacation."

It is there held that where no motion to dissolve appears on the record, that the appeal will be dismissed.   Clark v. Shaw, 101 Ind. 563; Heagy v. Black, 90 Ind. 534; Slagle v. Bodmer, 58 Ind. 465; Newell v. Gatling, 7 Ind. 147; State v. Chase, 41 Ind. 356.

The rule, sustained by the weight of authority, in those States where appeals from interlocutory orders are allowed, is that such statutes do not contemplate appeals from mere questions of practice arising during the progress of the case and merely affecting the mode of procedure or holding property *in statu quo* and not involving the strict legal rights of the parties.   Such statutes are in force in New York (Birdseye's Stat., Sec. 50); Iowa (McClain's Ann. Stat., Sec. 4393, 1 to 4); Nebraska (Stat., Sec. 581); Maryland (Pub. Gen. Laws, Sec. 25 — substantially the same as our statute); Louisiana and Michigan (Howell's Ann. St. 673).   See Wilbor v. Danolds, 59 N. Y. 657; Welch v. Calhoun, 22 Neb. 166; Penrice v. Crothwaite, 11 Martin (La.), 537; State v. Arns, 72 Iowa, 555; Hess v. Final, 32 Mich. 515; Smith v. Shaffer, 50 Md. 137.

In those States where appeals are allowed upon interlocutory decrees, such appeals are held not to embrace every intermediate decree, but only those which so involve the principles of a case that an appeal will settle them.

Finally, on this point I submit that it is the law that an appeal can not be taken from an order granted *ex parte*— the proper procedure is first to move to vacate it.    Aldinger v. Pugh, 57 Hun, 181; Gibson v. Martin, 8 Paige, 481; Skidmore v. Davies, 10 Paige, 316; People v. Common Council, 30 Hun, 636; Matter of Johnson, 27 Hun, 538; State v. District Court, 52 Minn. 283.

. I ask you to read the closely reasoned opinion in 52 Minn. 283, which is squarely in point in view of Sec. 6140 of the Minnesota statutes granting appeals " from an order granting or refusing a provisional remedy, or which grants, refuses, dissolves, or refuses to dissolve an injunction."

The exact question here involved has arisen in New York, and it was there held that from an *ex parte* order granting a temporary injunction no appeal would lie until a hearing had been had on motion to vacate the same.    Bloodgood v. Erie Ry. Co., 51 Barb. 273.

The New York statutes allow appeals from more interlocutory orders than the Illinois statutes, and are more general in their terms, but the New York courts have followed elemental principles and compelled parties to make their objection below, and not for the first time in the court of review.

In Georgia, as in Illinois, the statute on injunctions provides for a motion to dissolve the same, and it was there held that until the motion was made in the court below no appeal would lie.    Johnson v. Stewart, 40 Ga. 167.

. We therefore submit that if it were not for certain decisions of the Appellate Court of the First District, as lately constituted, there would be no question but that, under the statute, the appeal herein should be dismissed, and with damages.

. (*h*) It will probably be asserted that appellant has no right by virtue of the statute under which this appeal is taken, to appeal from an order of court denying a motion to dissolve an injunction, and it will be said that the case of Henkleman v. Peterson, 40 Ill. App. 540, sustains that view. The reply is that under the statute Henkleman v. Peterson

is authority only in that proceeding; and secondly, it does not appear that the views herein suggested were then urged upon the court, and, indeed, it would seem that they were not, because the court holds that upon an appeal of this kind the question is whether the injunction was right or wrong when granted, regardless of the statutory right to amend a bill in furtherance of justice, and as the same may be allowed by the discretion of the trial judge. Nowhere in the statute is there any right to amend a pleading in a court of review, or any discretion thereabouts, so that the view in the Henkleman case, it is submitted, with all due respect to the distinguished writer of the opinion therein, was taken in oversight of the rights of the parties, and of the effects brought about thereby. I urge that it is frivolous to appeal from a decree that has not been objected to below.

The position of appellant seems to be that the statute allowing appeals from interlocutory orders is void as far as it applies to appeals from an order refusing to dissolve an injunction. That is the effect of Taylor v. Kirby, 31 Ill. App. 658, an opinion written by the same distinguished judge who wrote the opinion in the Henkleman case. Of the opinion in the Taylor case, it would seem sufficient to show that the power to pass upon the validity of a statute has not been granted to the Appellate Court, so that when that learned judge passed upon the statute, he was without jurisdiction so to do. The Supreme Court (Indiana M. M. F. I. Co. v. People (Ill.), 49 N. E. Rep. 364) has held that where the construction of a statute is involved and the appeal is taken from a *nisi prius* court to the Appellate Court, and thence to the Supreme Court, the question of the construction of the statute can not be raised for the first time in the Supreme Court, because an appeal in such a case goes to the Supreme Court directly, and that an appeal to the Appellate Court waives any question as to the validity of a statute.

Section 28 of the act on courts specifically provides that appeals must go to the Supreme Court where the validity of a statute is involved. The question, therefore, of the

validity of the statute allowing appeals from interlocutory orders dissolving an injunction, can only be passed upon by the Supreme Court, and that court has not, as yet, passed on the question. So the question, not being adjudged, leaves the statute in full force and effect as it stands. That question can never be properly raised in this court, and, if so raised, ousts this court of jurisdiction, as held by this court in City of East St. Louis v. Trustees of Schools, 8 Ill. App. 295; City of Cairo v. Bross, 8 Ill. App. 296; Wabash, St. L. & P. Ry. Co. v. Stephens, 14 Ill. App. 507; Rosenstein v. Case, 9 Ill. App. 482; Williams v. People, 118 Ill. 444.

This court has expressly held—not only that it can not determine the validity of the statute, but it can not take jurisdiction of any matters whatever in an appeal involving the question of the validity of a statute. Stevens v. St. Mary's Training School, 33 Ill. App. 237; Graham v. People, 35 Ill. App. 568.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

On a bill filed by appellees January 11, 1898, in the Superior Court of Cook County, they secured an injunction against appellant and Robert Henderson without notice, by which the Hendersons were restrained from making any assignment of the contract of April 1, 1891, mentioned in the bill, or of any claim growing out of said contract, and from bringing or causing to be brought any action at law thereon, and from severing any claim under said contract into a number of claims, and from bringing actions thereon and from further prosecuting a suit brought by appellant for the use of Robert Henderson against appellees before one Martin, a justice of the peace, until the further order of the court.

Appellant, without having made any motion to dissolve the injunction, on February 9, 1898, perfected an appeal from the order granting said injunction by filing his appeal bond and having the same approved by the clerk of the Superior Court, as required by statute. Appellees have

Henderson v. Flanagan.

moved to dismiss the appeal, and suggest to this court that this motion should be sustained because appellant made no motion in the court below to dissolve the injunction, and argue (a) that by an appeal from the original order, appellees are denied their statutory right (Chy. Act, Sec. 27) to amend their bill without prejudice to the injunction; (b) that the statute on injunctions (Ch. 59, Sec. 15) provides for a motion in the court below to dissolve at any time on answer or on the face of the bill; (c) that appellees have the right, under the statute, to read affidavits in support of their bill (Ch. 59, Sec. 17 of the statute); (d) that the statute allowing appeals from interlocutory orders or decrees granting injunctions, means orders or decrees made after hearing both parties; (e) that the order in this case was made to preserve matters *in statu quo*, was an exercise of discretion by the court, and not an adjudication in the sense of making the order appealable; (f) that appellant having failed to object to the order in the court below, can not be heard to object in this court for the first time; (g) that the allowance of an appeal to appellant on this record is absurd, because it confers original jurisdiction on this court; and (h) that appellant can not contend that he may not appeal from an order of the Superior Court denying a motion to dissolve the injunction, on account of previous decisions of this court, holding that portion of the statute relating to appeals from interlocutory orders overruling a motion to dissolve an injunction unconstitutional, because this court had no jurisdiction in any case involving the constitutionalty of a statute.

As to appellees' last contention, there is no question of the validity of the statute before us, this being an appeal from the original order granting the injunction.

We have carefully considered the other contentions of appellees as to the effect of entertaining the appeal in this case and the authorities cited, and are of opinion that while the effect may be according to some of appellees' contentions, still that should not be held to deprive appellant of his right of appeal which is given to him by the statute in

words, viz.: "Whenever an interlocutory order or decree is entered * * * granting an injunction * * * an appeal may be taken from such interlocutory order or decree to the Appellate Court," etc. This language is so plain there is no room for a construction which would require appellant, before perfecting his appeal, to move for a dissolution of the injunction. Any such construction, as it seems to us, would be judicial legislation, which should always be avoided. Such appeals have been entertained in numerous cases in the Appellate Courts of this State in the more than ten years the statute has been in force, and while it is a practice to be commended for a party against whom an injunction is granted to apply to the court granting the injunction, to dissolve it before resorting to the more expensive and less summary proceeding of an appeal, we see no reason why he should, by a judicial construction of the statute not warranted by its language, be compelled to move for a dissolution in the court below before appealing. Were we so inclined, we think it unwise, at this time, to depart from a course of decisions made by this court, running through the past ten years, unless clearly against reason, principle and the plain meaning of the statute.

The only case cited by appellees which we think squarely supports their position, is State v. District Courts, 52 Minn. 283, and that case seems to be based on a practice which had grown up under an old statute, different from the one being construed, under which it was held that an appeal would not lie from an *ex parte* order made by a judge in chambers as distinguished from an order of the court from which an appeal would lie. We think we should not be controlled by this decision as against the plain language of our statute, and therefore the motion to dismiss the appeal is denied.

From the bill it appears that appellant and appellees had entered into a contract April 1, 1891, under which appellant assigned to appellees the right to manufacture and sell window sash bars under certain patents issued to and thereafter to be obtained by appellant, in ten different States; that the

validity of said patents was being litigated in the United
States Circuit Court between appellant and the Wells Glass
Co.; that appellees acknowledged themselves indebted to
appellant $50 each week until ninety days after final decree,
in the case in the United States Circuit Court, $25 to be
paid in cash each week, and $25 each week to be cred-
ited to appellant on the books of appellees, to defray litiga-
tion expenses in maintaining the validity of said patents,
which expenses were to be borne equally by appellant and
appellees; that in case a decree should be obtained in favor
of appellant and appeal should be taken therefrom, then
said $50 provision should continue as above provided until
a decision should be made by the court to which appeal is
taken; that in case the decree should be adverse to appel-
lant, then he agreed to begin suit against any one engaged
in infringing any new patent which he had secured, so that
appellees be protected in their contract rights; that said
United States Circuit Court sustained said patents, and
appeal was taken by the Wells Glass Co. to the Circuit
Court of Appeals, where the decree sustaining the patents
was reversed, and the patents held to be void, wherefore, it
was alleged by appellees, that the patents became valueless,
and the consideration for the contract failed; that appellees
had paid appellant, under the contract, $5,275.50, and for
litigation expenses $5,816.25, and that appellant was indebted
to them under the contract $1,082.19, for which they ren-
dered an account to appellant; that an accounting is neces-
sary, but appellant refuses to account, and has not begun
suit against infringers under new patents, and "if he has
obtained new patents he has not assigned them to complain-
ants;" that they continued to comply with the contract
until the adverse decree by the said Court of Appeals, May
11, 1895, and are not indebted to appellant, but he, for the
use of Robert Henderson, sued them before one Martin, a
justice of the peace, for an installment claimed to be due
under the contract from May 12 to 26, 1895, inclusive, and
assigned to Robert Henderson; that said suit was brought
to test the right of appellant to recover under the contract

for the time subsequent to said decree, and that appellant threatens to bring sixty other suits for installments claimed to be due him after May 12, 1895, to harass and annoy appellees; that appellant is insolvent, and it is necessary, to prevent irreparable injury to appellees, that an injunction issue to restrain appellant and Robert Henderson from making any assignment of said contract or any claim thereunder, from bringing any action thereon, from severing said claim and from further prosecuting the suit before the justice of the peace; that appellant is within the jurisdiction of the court, and appellees believe that if notice is given him he will depart from its jurisdiction before service can be had upon him, and unless an injunction issue without notice, irreparable injury will result to appellees. The bill prays for an accounting from appellant, besides the injunction which was granted.

There are no facts alleged in the bill, nor stated in the affidavit attached thereto, it being only an affidavit that the matters stated in the bill are true, and that " complainants will be unduly prejudiced, as set forth in said bill of complaint, unless an injunction issue forthwith and without notice," which would justify an injunction without notice, or in fact an injunction at all. Facts must be stated from which the court can see that irreparable injury will or is liable to result. King v. Pardridge, 60 Ill. App. 475; Becker v. Defebaugh, 66 Ill. App. 504; Chicago City Ry. Co. v. General Elec. Co., 74 Ill. App. 465.

That appellant would depart from the jurisdiction of the court, so that service could not be had upon him if notice should be served upon him, is not sufficient, for there seems to be no reason why service of summons could not be had at the same time the notice of an application for injunction was served.

That a suit has been commenced and sixty more threatened is not of itself a cause for equitable cognizance. They are all between appellant and appellees. 1 High on Inj., Secs. 64 and 65; Chicago Pub. Stock Ex. v. McClaughry, 148 Ill. 372; Poyer v. Village of Desplaines, 123 Ill. 111; Commissioners of Highway v. Green, 156 Ill. 504.

There is no such case made by the bill as would give chancery jurisdiction to take an accounting between the parties.  Gleason & Bailey Mfg. Co. v. Hoffman, 168 Ill. 28; Craig v. McKinney, 72 Ill. 305.

For all that appears from the bill there is no disputed account between appellees and appellant.  It may be that appellant will admit that he owes appellees what they claim up to May 11, 1895.  He has only refused to account with them, according to the bill.  If he admits what they claim was due from him May 11, 1895, then the only question of difference between them is as to whether appellees should pay the subsequently accruing installments under the contract.  As to that, appellees can make their defense at law as well as in equity.  If appellant has or should assign his claim under the contract, their defense is as good against the assignee as against appellant.  The claim of appellees that it can not be insisted upon in this court for the first time that there is a remedy at law, we are inclined to the opinion is not tenable, because the bill does not state facts for equitable cognizance, and there was no hearing before the chancellor; but it is unnecessary to decide this point, as the order for injunction should be and is for the other reasons stated, reversed and the cause remanded.