# J. McKenzie Cleland v. David C. Campbell et al.

1. EQUITY JURISDICTION—*Multiplicity of Suits.*—A multiplicity of suits is not a ground of equity jurisdiction in this State, where the right is disputed between two persons only—not for themselves and all others in interest, but for themselves alone—and such right has not been established at law.

Cleland v. Campbell.

2. JURISDICTION—*Law and Equity Courts.*—Where a law court first takes cognizance of a suit, equity courts will not take jurisdiction, even if it is concurrent with the law court, unless there is some equitable circumstance in the case which the party can not avail himself of at law.

Bill for an Injunction.—Hearing in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Decree for complainant. Appeal by defendant. Heard in this court at the March term, 1898. Order for injunction reversed. Opinion filed October 17, 1898.

DELOS P. PHELPS, attorney for appellant.

JOHN S. COOPER, attorney for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellees filed their bill in the Circuit Court of Cook County, praying an injunction against appellant from prosecuting twenty-three suits at law begun by them against him, twenty being in the Circuit and three in the Superior Court of Cook County, all being appeals by appellees from judgments rendered against them before a justice of the peace. A motion for a preliminary injunction on this bill was made and denied. A supplementary bill was later filed, showing that the twenty suits in the Circuit Court had been heard and findings made thereon in favor of appellant and against appellees, and that appellees had interposed motions for new trials, the hearing of which motions had been postponed until May 21, 1898.

The defendant answered under oath the bill and supplemental bill, and subsequently filed an amendment to his answer. Thereafter, complainants having filed certain affidavits in support of the bill, the motion for an injunction was renewed, and after a hearing upon the bill, supplemental bill, affidavits in support thereof, the answer and amendment thereto, the chancellor granted an injunction restraining defendant from further prosecuting said twenty-three suits at law until a final decision should be rendered in seven other suits wherein defendant was plaintiff and complainants were

defendants, and appeals from judgments of a justice of the peace against complainants and in favor of defendant, in which judgments were rendered in the Superior Court of Cook County in favor of appellant, and which have been appealed to this court. From this order of injunction appellant has prayed an appeal, and claims that the chancellor erred in entering the order and that appellees were not entitled to equitable relief under their bill.

It appears that appellant was the owner of twenty acres of land in Avondale, Cook county, Illinois, which was subdivided into 192 lots, and that appellees, who were partners in the real estate, business, were employed by him, under a written agreement dated December 3, 1892, to manage and sell said property for the term of three years, by the terms of which (among other things not important in the determination of the questions involved) the net profits of the sales of said lots, after the payment of moneys advanced by the parties on the purchase price, for an incumbrance thereon and for taxes, special assessments, improvements, etc., with interest, were to be divided equally between the parties to the agreement, whether such profits consisted of cash or notes of the purchasers of lots given for deferred payments and secured. And it was further agreed that appellees should be responsible for the payment of said secured notes.

Appellees were successful in selling about all the lots at a considerable profit under a form of contract to the purchasers, executed by them as agents of appellant, by which it was provided, among other things, that when the purchaser had paid one-third of the purchase price he should be entitled to a warranty deed of the lot, and should contemporaneously execute a trust deed securing his promissory notes for the amount remaining unpaid.

From time to time, as purchasers became entitled to deeds, appellant, on request of appellees, executed deeds of lots sold, and received as his share, as he admits, $13,902.80 in cash and $22,000 in notes of the purchasers of lots. Appellees claim that he received more than $22,000 in cash, and

Cleland v. Campbell.

they admit that they received over $16,000 as their share, a part of which was in notes.

March 11, 1897, appellees and appellant had a settlement of all the matters between them arising out of the agreement of December 3, 1892, except that the liability of complainants, as guarantors of the notes turned over to defendant, should remain the same as provided in said agreement.

Divers of the notes turned over to appellant were not paid at maturity, as it is alleged, by reason of the prevailing distress arising from the financial panic of 1893, and from other causes. Appellant holds the legal title of the lots on which are secured the purchase money notes taken by appellees for their share of profits, and since trouble has arisen between him and appellees by reason of the non-payment of the notes turned over to him, he has refused to make deeds to purchasers whose notes are held by appellees, when such purchasers became entitled to deeds under the terms of their respective contracts of purchase. Appellant begun all said suits before a justice of the peace on thirty of said notes, and obtained judgments in his favor. Twenty suits were appealed to the Circuit Court and ten suits to the Superior Court.

Appellant claims that appellees are liable on said notes as guarantors, and appellees do not deny but that they are so liable. Seven of the suits were tried in the Superior Court, in which judgments were rendered in favor of appellant and against appellees, and appeals prosecuted to this court, where they are now pending. The suits in the Circuit Court were, on the application of appellees, consolidated and heard together, but separate findings were made in each, and, pending motions for new trial, the injunction herein was ordered.

Appellees claim that the order of injunction was properly entered. First, because appellant was pursuing his legal remedy in an oppressive and vexatious manner; second, it prevents a multiplicity of suits; and third, equity can do fuller and more complete justice between the parties.

It is conceded by appellees that each one of the thirty suits commenced by appellant depends upon precisely the same state of facts, and the parties to each are the same. They do not in their bill deny their liability, but they say they have a set-off which they are debarred from interposing, because the suits were brought before a justice of the peace.

Appellant had the legal right to bring his suits before a justice. He was not bound to consolidate them and bring them as one suit in a court of record, so as to accommodate appellees, by enabling them to interpose their set-off. Appellees knew their liability, and might have avoided any expense, by way of costs, had they paid the several notes. They would then have been subrogated to the security of appellant of the trust deeds of the several purchasers, and thereby had all the equities to which they are entitled. It is not alleged in their bill that appellant is insolvent, but from the facts alleged it may be fairly inferred that appellant is amply able to respond to any judgment they might obtain against him. Instead of incurring the large expense in appealing the justice suits, they could long since have begun their suit at law against appellant for commissions claimed, and, for aught that appears from this record, recovered their judgment and collected it. Their remedy at law seems plain, direct and adequate. There does not appear to have been any oppression or harassment in the justice suits which appellees might not have avoided by paying the several claims against them, as to which they have alleged no defense, except the set-off which could be determined in one suit at law against appellant. Whatever may be the law in other jurisdictions in regard to the multiplicity of suits, that is not a ground of equity jurisdiction in this State, if the right is disputed between two persons only —not for themselves and all others in interest, but for themselves alone; and that right has not been established at law: Chicago Pub. Stk. Ex. v. McClaughry, 148 Ill. 381, and cases cited; Com'rs of Highways v. Green, 156 Ill. 510.

The right has, in seven cases, been established against appellees at law. Moreover, the law courts having first taken cognizance of the suits begun by appellant, equity will not take jurisdiction, even if it is concurrent with the law, unless there is some equitable circumstance in the case which the party can not avail himself of at law. Mason v. Piggott, 11 Ill. 88; Ross v. Buchanan, 13 Ill. 58; Ins. Co. v. Gunning, 81 Ill. 238.

As we have seen, the only question by way of defense is the set-off claimed, and as to that the remedy seems plain and adequate—entirely available to appellees at law.

The refusal of appellant to make deeds to. purchasers of lots where the notes for deferred payments are held by appellees, seems without any legal justification, but that is no ground of equitable jurisdiction in favor of appellees. The contracts in this regard are between the purchasers and appellant, not between appellees and appellant, and the only way in which it is alleged appellant's conduct will injure appellees is in coercing them to pay debts which they are liable to pay.

The order of injunction will be reversed. This appeal being from an interlocutory order, this court has no jurisdiction to make any order with reference to a final decree in the Circuit Court. Order reversed.