## Rudolf J. Krause and Erwin F. Breyer v. Walter Scott.

1. EQUITY PRACTICE—*A Bill to Prevent a Multiplicity of Suits.*— The court holds that the suit at bar can not be maintained as a bill of peace or bill to prevent a multiplicity of suits, upon the facts alleged in the amended bill of complaint. (See copy of amended bill, *post.*)

2. SET-OFF—*Damages Resulting from a Breach of Warranty.*— Damages, such as may result from a breach of a warranty of the quality of articles sold, may be set off in a suit for the purchase price of the articles, but not upon the ground of equitable set-off in a suit to prevent a multiplicity of suits.

**Bill of Peace.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 4, 1900.

### COPY OF AMENDED BILL OF COMPLAINT.

" And your orators further show that said defendant is a resident of the State of New Jersey, and is not a resident of the State of Illinois, and is not within the jurisdiction of the courts of Illinois, and is not amenable to the process of said courts, so that your orators can not maintain a suit against him therein; that any money which your orators may be compelled to pay to said defendant will be removed from said State of Illinois to said State of New Jersey, and beyond the reach of an execution upon any judgment which your orators may obtain against him; that said defendant has no property in the State of Illinois and within the jurisdiction of the courts of said State from which your orator

can make any judgment they may obtain against him; that your orators are not indebted to said defendant in any sum whatever; that the consideration for said notes hereinbefore mentioned has wholly failed and said notes are null and void; that your orators ought not to be harassed and annoyed by and put to the trouble and expense of defending themselves against the suits already brought and the many suits threatened against them, as aforesaid.

And your orators further show that they have returned to said defendant the two printing presses received by them from him as aforesaid, in as good condition as they were when so received, and that said defendant now has the same; that said defendant can sell and dispose of said printing presses for a large sum of money, and upon information they state that he has already disposed of them; that upon information derived from said defendant they state the fact to be that after charging against your orators all moneys paid out by said defendant on account of said two printing presses and said contract with your orators, and all damages claimed to have been sustained by him by reason thereof, a large part of which can not be properly charged against them, the total loss or damage claimed to have been sustained by said defendant does not exceed the sum of twelve hundred dollars ($1,200); and your orators charge the fact to be that it is very much less; while said defendant has in his possession and claims the right to recover upon the notes of your orators as aforesaid, amounting to forty-two hundred dollars ($4,200) and interest thereon, or three thousand dollars ($3,000) in excess of the total damages claimed by said detendant; that at the same time your orators are without remedy against said defendant for the damages sustained by them, amounting to more than three thousand dollars ($3,000), except in the courts of the State of New Jersey, whereby they are without complete and adequate remedy at law."

**Statement.**—The bill of complaint by which this suit was begun sets up the following facts : Appellants bought certain machines of appellee and in payment therefor executed certain promissory notes.   That appellee guaranteed that such machines should be capable of turning out a certain amount of work in a given time.   That the machines delivered to appellants were not such as were provided for and not capable of the work specified by the terms of the

guaranty.  That by reason thereof the machines were returned to and accepted by appellee.  That by reason of breach of the contract by appellee appellants have sustained damages.  That appellee has begun suits against appellants upon the promissory notes given on account of payment for the machines; that one of such suits was begun and is pending in the Circuit Court of Cook County, Illinois; and that two of such suits are pending in courts of justices of the peace in said county.  That other suits upon other of the promissory notes are threatened by appellee.  Alleges that appellants have no adequate remedy in law.  Prays that appellee be enjoined from prosecuting the suits at law, and in effect that the court set off the damages sustained by appellants against the claims of appellee upon the notes.  By amendment to the bill of complaint it is alleged that appellee is a resident of the State of New Jersey and not amenable to process of the courts of this jurisdiction.

Upon general demurrer by appellee to the amended bill of complaint, the court below, sustaining the demurrer, dismissed the bill for want of equity.

From that decree this appeal is prosecuted.

F. H. CULVER, attorney for appellants.

JAMES F. HUTCHISON and JACOB DIAMOND, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Upon the facts alleged the amended bill of complaint can not be maintained as a bill of peace or bill to prevent a multiplicity of suits.  C. P. S. Exchange v. McClaughrey, 148 Ill. 372; Commissioners v. Green, 156 Ill. 504; Jones v. The Chester Co., 17 Ill. App. 111; Cleland v. Campbell, 78 Ill. App. 624; 1 High on Inj., Secs. 61–62.

Nor can it be maintained upon the ground of equitable set-off.  The only claim of set-off presented by the allegations of the bill is such as might result from a breach of

warranty of the quality of the articles sold. In a suit for the purchase price of the articles this claim can be set off. Babcock v. Frice, 18 Ill. 420.

It is not alleged that appellee is insolvent. There was, therefore, an adequate remedy at law, and there is no ground for the intervention of relief in equity. The non-residence of appellee is unimportant, for he had, by beginning the suit in the Circuit Court of Cook County, brought himself within the reach of appellants in this behalf.

In that suit brought by appellee against appellants to recover on the promissory notes given for purchase price, appellants may plead their claim of set-off, arising by reason of the breach of the warranty of the machines, and thereby obtain full relief in law.

The learned trial judge properly sustained the demurrer. The decree is affirmed.