Wanner v. Powell.

---

### A. F. Wanner et al. v. Francis M. Powell et al.

1. INJUNCTIONS—*The Issuance of an Injunction Without Notice Sustained.*—The court discuss the statements made in a bill for an injunction and an affidavit filed in support thereof, and hold the trial court was fully warranted in issuing an injunction without notice upon the showing made by such bill and affidavit.

**Injunction.**—Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed April 18, 1898.

ULLMANN & HACKER, attorneys for appellants.

CHARLTON & COPELAND, attorneys for appellees.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order granting an injunction.

The two appellees filed their bill of complaint, in the Superior Court, alleging, among other things, in effect, that they, together with the two appellants, entered into an agreement to form a corporation; that it was agreed that the capital stock of such corporation should be represented by 501 shares; that 500 shares thereof should be distributed equally between the four; that the remaining one share should be held and voted by some disinterested person, to be agreed upon, in order to avoid possibility of disagreements which might embarrass the corporate business; that in pursuance of such agreement the corporation was formed; that the 500 shares of capital stock were subscribed for in equal parts by appellants and appellees; that the one odd share of stock was subscribed for by appellant Wanner, in addition to his 125 shares, but upon the agreement that such one share should not be issued to him, and should be issued to the disinterested person, when such a one should be agreed upon; that appellants afterward conspired to cause such share of stock to be issued to Wanner, by Weber as vice-president and Wanner as treasurer; that by fraudulently obtaining such share of stock, in addition to the shares properly held by him, Wanner was enabled, jointly with Weber, to control the corporation; that contrary to the agreement Wanner and Weber were endeavoring to so use such share of stock as to control the corporation, and had in effect ousted appellees from participation in the affairs of the corporation; that appellee Powell is president and appellee Jackson is secretary of the corporation; that Wanner is about to dispose of the said share of stock. The bill prays for an injunction to restrain appellants from voting, or disposing of the said share of stock, etc. The injunction was granted as prayed, and without notice.

It is urged by appellants that the allegations of the bill

of complaint are not sufficient to warrant the issuing of the injunction without notice.   The bill charges, among other things, that Wanner acquired the share of stock in question fraudulently, and that he is about to dispose of it.

We are of opinion that the court was fully warranted, upon the showing made by bill and affidavit, in thus restraining appellant Wanner from disposing of the share of stock fraudulently acquired, as the bill alleges, until the court might, by its final decree, dispose of it.   2 High on Inj. 1231.

The other objections urged are not tenable.   The order does not operate to restore officers who have been removed. Appellees are shown by the bill to be officers of the corporation.   Nor does it operate to interfere with the future action of the board of directors.

The order is affirmed.