## Chicago City Ry. Co. v. Montgomery Ward & Co. and A. Montgomery Ward.

1. INJUNCTIONS—*Without Notice.*—An injunction without notice should not be allowed except in extreme cases, and as a general rule it may be avoided, where there is apprehension on the part of the complainant that he may be deprived of the benefits of the injunction he seeks by some action of the defendant after notice is served and before the application can be heard, by giving notice of immediate application to the chancellor; where, if there can not be a hearing at once, the chancellor may require matters to remain in *statu quo* pending the hearing, by a stay order, or issue the injunction instanter, and give the defendant a hearing upon a motion to dissolve.

2. PLEADINGS—*Must State Facts.*—The pleader must state in his pleadings facts, not conclusions.

3. SAME—*Allegations as to Decisions in Other Cases.*—Statements as to what has been decided in another case more properly find their place in the brief and argument than in the pleadings of counsel.

4. DEDICATION—*A Question of Intention—Pleadings.*—Dedication is a question of intention of the dedicator, who must be the owner in fee, and is not complete until accepted; and where a dedication is claimed, the facts constituting it should be set out in the bill.

**Order,** granting an injunction without notice, made by the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Appeal by defendant. Heard in this court at the March term, 1898. Reversed. Opinion filed May 26, 1898.

## STATEMENT OF FACTS.

Appellees as owners in fee of certain lots in block 15, Fort Dearborn addition to Chicago, Cook county, Illinois, of a leasehold estate in lot 7 in said block, expiring May 31, 1940, all of the lots fronting on Michigan avenue and Madison street, Chicago, and also claiming to own the buildings on said lots which they occupy in the conduct of their business as importers, jobbers and manufacturers of general merchandise, and which buildings and business they say are of great value, filed a bill in the Superior Court of Cook County against appellant.   The bill alleges :

"Fourth.   That the said lots of your orators front east upon Michigan avenue and Lake Park, in said Fort Dearborn addition to Chicago, and that said Michigan avenue in said Fort Dearhorn addition between Madison and Randolph streets, in said city of Chicago, is a part and parcel of said Lake Park, which Lake Park, between the east line of the said lots of your orators and Lake Michigan, was dedicated to use of the public by the Government of the United States, ' not to be occupied with buildings of any description,' and that the original plat of said Fort Dearborn addition, made by the Secretary of War of the United States, in accordance with which the said lots of your orators were sold, dedicated the said land east of the said lots of your orators clear to the waters of Lake Michigan, as public ground, not to be occupied with buildings of any description.

"Fifth.   That the said land known as Michigan avenue and Lake Park, lying east of the said lots of your orators, and extending from Madison street on the south to Randolph street on the north, has heretofore, by the Supreme Court of this State, in its decision rendered on the 8th day of November, 1897, in the suit of City of Chicago v. Ward

et al., been held and declared to be dedicated to the public for park purposes and for park purposes only, and that the said city of Chicago holds the title thereto in trust only for the purposes aforesaid.

"Sixth.    That the Supreme Court of this. State in the said decision, held that no encroachments should be made upon the said land by any railroad company, nor should any such encroachment be allowed by the city council of the said city of Chicago; and also held that any owner of property abutting upon said Michigan avenue should have the right to enjoin any such encroachments.

"Seventh.    That the said Chicago City Railway Company owns and operates certain lines of street railway in the said city of Chicago, and that a portion of its street railway extends from Wabash avenue and said Madison street (a point one block west of the corner of said Michigan avenue and Madison street) east on said Madison to said Michigan avenue; thence north on said Michigan avenue two blocks to said Randolph street; thence west on said Randolph street one block to said Wabash avenue, and thence south on said Wabash avenue past the said intersection of Madison street and Wabash avenue to the southern portion of said city of Chicago; said line of street railway constituting said loop, being operated by said railway company by means of a motive power known and called cable power, which is a continuous or endless cable run beneath the surface of said streets, used for the purpose of propelling the cars of said railway company over said loop; and that the said railway company has thus operated its cars over said loop for a number of years past.

"Eighth.    That the said Chicago City Railway Company, through its officers, agents, servants and employes, purposes and threatens to change the motive power upon said loop and upon said Michigan avenue in front of said property of your orators to electric power, and to utilize said electric power by the means of what is known as the overhead trolley system; and for that purpose and to that end has strewn along said Michigan avenue, between said Madison and Ran-

dolph streets numerous iron or steel poles and large quantities of sand, gravel and other materials, for the purpose of erecting said trolley system upon said Michigan avenue.

"Ninth. That the said threatened use of said Michigan avenue between said Madison and Randolph streets, is in direct violation of the uses and purposes for which said street and land was dedicated as aforesaid, and is in violation of the rights of your orators as abutting property owners as aforesaid, and jeopardizes the easement of your orators over said street and the land east thereof, and will be an irreparable injury to the property rights of your orators as aforesaid.

"Tenth. That the said Chicago City Railway Company pretends to have right and license to erect the said trolley poles and electric system upon said Michigan avenue by reason of a certain permit issued to it by certain officials of the city of Chicago; but your orators charge the fact to be that the said city of Chicago, nor any of its officers, have any power or authority to license the use of said street for said purposes, and that the said city of Chicago has not the power under the trust charged upon it in connection with said land east of the lots of your orators, to authorize or permit the use thereof for the purpose of the erection of trolley poles and electric systems of motive power for the propulsion of street cars; and that any such use of said land is in direct violation of the rights and easements of your orators in said land."

It further alleges, in substance, that there is no public need or necessity for the construction and operation of said electric or trolley system upon Michigan avenue between said streets, and that the right of appellees "in the premises will be unduly prejudiced if the injunction in this case hereinafter prayed is not issued immediately and without notice to the defendant, and that said defendant, unless immediately restrained, will construct said overhead trolley system in said street." No other facts are alleged from which it can be told that there was a necessity for an injunction without notice, and notice was not served. The

bill prays an injunction restraining defendant, its officers, etc., from erecting, constructing or operating, or causing to be erected, constructed or operated, an overhead trolley or electric system of motive power for its railroad upon that part of Michigan avenue between Randolph and Madison streets. An injunction was issued according to the prayer of the bill, from which order this appeal was taken.

JESSE R. BARTON and E. R. BLISS, attorneys for appellant.

GEORGE P. MERRICK, solicitor for appellees; JOHN H. HAMLINE, of counsel.

MR. JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

This court, in Nusbaum v. Locke, 53 Ill. App. 244, speaking of the issuance of an injunction without notice, said "the well settled rule is that notice of the application must be given unless it is clearly necessary to act without notice," and held that the facts upon which the pleader's conclusion was based, that there was imminent danger to complainant, should be stated, so that the court could see that the apprehension was well founded. To the same effect are Brough v. Schanzenbach, 59 Ill. App. 409; Becker v. Defebaugh, 66 Id. 504, and No. 7665, Henderson v. Flanagan, of this court, not reported.

In the Defebaugh case the court said: "The appellee was and is not entitled to any consideration of his application unless he first comply with the statute, by giving notice of making it 'appear' to the court, judge or master, to whom the application is made, by a sworn statement of facts, either in the bill, accompanying affidavits, or both, from which the conclusion can be drawn that the rights of the complainant will be unduly prejudiced," etc.

The injunction here, without notice, being based upon the allegations of the sworn bill alone, was, we are inclined to think, improper, because no sufficient facts are alleged

from which it can be said that it was clearly necessary, in order to prevent undue prejudice to appellees, or any serious injury to them.

It does not appear how soon the poles could have been erected and the wires strung, nor if that were done, after notice given and before the court could hear the application, what would be the injury to appellees.  The extraordinary remedy of injunction without notice should not be allowed, except in extreme cases, and as a general rule may be avoided where there is apprehension on the part of a complainant that he may be deprived of the benefits of the injunction he seeks by some action of defendant after notice is served and before the application can be heard, by giving notice of an immediate application to the chancellor, when, if there can not be a hearing at once, the chancellor may require matters to remain in *statu quo* pending the hearing, by a stay order, or issue the injunction instanter, and give defendant a hearing upon motion to dissolve.  There appears to us no reason why such a course could not have been pursued in this case.

The case being doubtful as to the matter of notice, we do not decide that point, and proceed to the merits of the bill, which we think insufficient to justify an injunction.

It was conceded by counsel for appellees, in oral argument, that if Michigan avenue is a street, then the bill can not be maintained; but they say that the theory of the bill that Michigan avenue is a part of Lake Park, and that under the decisions of the Supreme Court in City of Jacksonville v. Jacksonville Ry. Co., 67 Ill. 540, and City of Chicago v. Ward, 169 Ill. 392, the city of Chicago held the park in trust for the benefit of appellees, as owners of lots abutting upon it, and had no power to grant appellant the right to use Michigan avenue, it being a part of the park, for the purpose of operating a railway thereon by an electric overhead trolley system.

It is elementary, and no authority need be cited to sustain the proposition, that the pleader must state in his pleadings facts, not conclusions.

Appellees claim their right to an injunction in this case, because they say a trust in Lake Park (which includes Michigan avenue) was created for their benefit, of which the city of Chicago is trustee.

They allege that their lots front east on Michigan avenue and Lake Park, in Fort Dearborn addition to Chicago; that Lake Park, between the east line of their lots and Lake Michigan, was dedicated to use of the public by the Government of the United States, "not to be occupied with buildings of any description," and that the original plat of Fort Dearborn addition, in accordance with which said lots were sold, dedicating the land east of said lots clear to the waters of Lake Michigan as public ground, not to be occupied with buildings of any description, and that said land, known as Michigan avenue and Lake Park, lying east of said lots and extending from Madison street on the south to Randolph street on the north, has been held and declared by the Supreme Court of this State by its decision, rendered at a time named in a case named, to be dedicated to the public for park purposes, and for park purposes only, and that the city holds the title thereto in trust only for such purposes, and that no encroachments should be made upon said land by any railroad company, nor allowed by the city council, and that the owner of property abutting on Michigan avenue should have the right to enjoin any such encroachments. The bill contains no other allegations tending to show the alleged trust, nor the dedication which it is claimed was made.

From these allegations it can not be told but that Michigan avenue is shown on the plat as a street; on the contrary, it may reasonably be inferred, from the language of the pleading, that it did so appear. Also, while in one place it is alleged that appellees' lots front east on Michigan avenue and Lake Park, it is also alleged that the land known as Michigan avenue and Lake Park, lying east of said lots, has been held and declared by the Supreme Court to be dedicated to the public, etc., thus making it uncertain as to what is the relative location of Michigan avenue and Lake Park with reference to appellees' lots. How far east

of appellees' lots is Michigan avenue, and how far east of the lots is Lake Park? What is the position of Michigan avenue in Lake Park? The bill fails to answer these queries.

In many places the bill speaks of Michigan avenue as a street, and alleges that defendant has operated its cars by cable beneath the surface of the street on Michigan avenue, from Madison to Randolph street, for a number of years last past.

Dedication is a question of intention of the dedicator, who must be the owner of the fee, and is not complete until accepted; and before the court can tell that there was a dedication, as claimed by appellees, the facts constituting such dedication should be set out, for *non constat* when the facts are stated, it may clearly appear that no dedication for the purpose claimed was complete. Bougan v. Mann, 59 Ill. 492; Smith v. Town of Flora, 64 Ill. 94; City of Chicago v. Johnson, 98 Ill. 618–24; Littler v. City of Lincoln, 106 Ill. 353–68; Maywood Co. v. Maywood, 118 Ill. 69.

The plat not being set out, and the allegations with reference to the alleged dedication of Lake Park being so indefinite and uncertain, there being no allegation as to when the plat was made, nor what it shows, nor as to who was the owner of the land alleged to have been dedicated, nor of its acceptance by the public, nor how it has been used by complainants or the public, we think the bill is insufficient as showing a dedication.

As to the allegations in regard to what was held and declared by the Supreme Court, they can not, in our opinion, be regarded as a statement of facts, but were conclusions of the pleader.

It is novel practice, and, so far as we are aware, unprecedented, to allege, as is done in this bill, that in another case, to which this appellant was not a party, so and so was decided. Such statements properly find their place in brief and argument. They are not sufficient as allegations that the question presented by the bill, viz., whether Michigan avenue is a public street, has been conclusively adjudicated against the defendant. It should at least appear who were

the parties to such suit, what the precise question for adjudication was before the court, and if defendant was not a party, what facts existed which would make the adjudication binding upon it. Kitson v. Farwell, 132 Ill. 327–38; Smith v. U. S. Ex. Co., 135 Ill. 280–9; Palmer v. Sanger, 143 Ill. 45; Wright v. Griffey, 147 Ill. 498; Leopold v. City of Chicago, 150 Ill. 573.

Moreover, if it were conceded there was a complete dedication of the land in question, "as public ground not to be occupied with buildings of any description," we see nothing inconsistent, so far as appears from any allegations of fact in the bill, with such public ground being used for street purposes, and not as a park. It does not necessarily follow that land dedicated as public ground must be used as a park.

Because of the insufficiency of the allegations of the bill, we have not thought it necessary to consider the bearing on other questions discussed by counsel of the Ward case, *supra*, nor of the numerous ordinances (none of which are stated in the bill), statutes and decisions referred to by counsel, which, it is claimed, show the recognition of Michigan avenue as a street or as a part of Lake Park.

The injunction having been issued without sufficient allegations in the bill to warrant it, the order will be reversed and the injunction dissolved.

Mr. Justice Sears dissents.