### Allyn W. Thurston v. Quido J. Chott.

1. INJUNCTIONS—*Without Notice.*—A statement of a conclusion, without any facts set forth to support such conclusion, is insufficient as a pleading upon which to order an injunction without notice.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1898. Reversed. Opinion filed January 18, 1900.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

PECK, MILLER & STARR, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

This appeal is from an interlocutory order of injunction. The order was entered upon an *ex parte* hearing. The effect of the injunction was to restrain further proceeding in a garnishment suit, pending upon the law side of the same court. The only question presented upon the appeal is as to whether the showing made by bill of complaint, and affidavit accompanying the bill, is sufficient to warrant the issuing of the order without notice. The order is based upon no other showing than that made by bill of complaint

and affidavit verifying the same. The bill of complaint alleges in this behalf only the institution and pendency of the garnishment suit. It does not allege that the suit was likely to be reached for hearing or disposed of so speedily that a restraining order issued without notice was thereby rendered necessary. The affidavit accompanying the bill merely alleges, in general terms, that " the interests of complainant will be unduly prejudiced if the injunction prayed for in said bill is not issued immediately without notice to said defendants." No facts are set forth by the bill of complaint or by the affidavit, from which the court could adjudge as to the necessity of such summary action. It has been held many times by this court that such a statement of conclusion, without any facts set forth to support the conclusion, is insufficient. Among other decisions so holding are those in Becker v. Defenbaugh, 66 Ill. App. 504; Suburban Construction Co. v. Naugle, 70 Ill. App. 384; Chicago City Ry. Co. v. Gen. Electric Co., 74 Ill. App. 465.

The garnishment suit, proceeding in which is enjoined, is pending in the same court from which the order of injunction was sought. It is difficult to perceive how there could possibly result any prejudice to the complainant by the giving of notice of the application for the injunction. Presumably no step of procedure could be taken in the garnishment suit without notice to the complainant here. The possibility of such prejudice, to say nothing of the likelihood thereof, is not disclosed. The order is therefore reversed.