## Levi Z. Leiter et al. v. Frank W. Baude et al.

1. INJUNCTION—*When Not to be Issued Without Notice.*—Neither the affidavit nor the bill in this case shows sufficient facts to justify the ordering of an injunction so broad as the one under consideration, without notice.

2. SAME—*When the Applicant Will be Prejudiced if the Injunction is Not Issued Without Notice.*—It is not enough that the prejudice is made to appear by argument in support of an injunction already issued, but it must appear on the face of the bill or by affidavits as a condition precedent to the issuance of an injunction without notice.

**Interlocutory Order,** for an injunction. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed. Opinion filed November 26, 1901.

STEIN & PLATT, attorneys for appellants.

ROGERS & MAHONEY and CHILTON P. WILSON, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from an interlocutory order of injunction granted by the Circuit Court without notice.

The affidavit upon which the injunction order was issued was (omitting the immaterial parts thereof) as to this question of notice, as follows:

"Affiants Frank W. Baude and Thomas J. Hanlon further aver that the rights of your orators will be unduly prejudiced if the injunction herein prayed for is not issued immediately and without notice to the defendant, his agents and attorneys."

The bill sets up the making of a lease of certain premises by the appellant, L. Z. Leiter, to the appellees, dated August 29, 1901, for the term commencing January 1, 1902, and ending December 31, 1904, at the aggregate rental of $6,300 payable in thirty-six equal monthly installments of $175 each, payable monthly in advance, and the payment thereunder to Leiter of $175, being in full of rent for the month of January, 1902.

The bill then alleges that appellees are merchants dealing

Leiter v. Baude.

in notions, fancy goods and hosiery at a different location in Chicago, the lease of which terminates on December 31st of the present year, and in said business carry about $30,000 worth of goods, and that appellees, relying upon said contract of lease with Leiter, had ordered to be delivered to them as merchants, about $6,000 or $7,000 worth of laces and embroideries to be delivered to them in January, 1902, for sale in said premises, in conjunction with their other said business, and that said order can not be countermanded without the incurring of great liability by appellees.

It is then alleged by the bill, that since the making of said lease with said L. Z. Leiter, and since the payment of said rent, and since the ordering of the additional stock of goods in view of said lease with L. Z. Leiter, the said L. Z. Leiter and his agents and attorneys, Hugh Crabbe, Joseph Leiter and others, have said in substance and in fact that he, the said L. Z. Leiter, would rent said premises, namely, the said second floor, to some person or persons or corporation other than appellees, for the term or some part thereof for which said premises are leased to appellees, and would so rent said premises for the purpose of keeping appellees from getting possession and the quiet enjoyment of said premises.

That said L. Z. Leiter and also his said agents and attorneys, having control of said premises, have said in substance, and in fact to appellees, that he, the said L. Z. Leiter, would not do or perform any of the terms and conditions of said contract of lease, but on the contrary that he, the said L. Z. Leiter, would rent said premises to some person or persons or corporation other than appellees for the term said premises are leased to appellees, and would prevent appellees in some other way from taking possession of said premises, and that he, the said L. Z. Leiter, intended to disregard the terms of said contract and would also not allow appellees to take possession of said premises as agreed, and that he, the said L. Z. Leiter, would exclude appellees from the enjoyment and possession of said premises, contrary to the terms and conditions of said contract.

And the prayer of the bill is for an injunction against Leiter and his said agents and attorneys, from violating the terms of said lease in excluding your orators from the enjoyment of the possession of said premises, and restraining the said L. Z. Leiter, his agents and attorneys, from again leasing said premises for the term, or any part thereof, that they are leased to your orators, and restraining all acts of L. Z. Leiter, his agents or attorneys, in violation of said contract of lease that will prevent your orators from entering upon and quietly enjoying said premises in pursuance of said lease to your orators until the further order of this court; and an injunction, as prayed, was ordered, without notice.

Neither the affidavit nor the bill shows sufficient facts to justify the ordering of an injunction, so broad as this one, without notice. The bill was in effect one for putting appellees into possession of the premises, by restraining the appellants from doing anything that would prevent appellees from entering upon and quietly enjoying them.

Whether this may be done or not, we are not called upon to decide; we need only to decide that no injunction having that object in view could be properly issued without notice.

It may be quite true that appellees have suggested in argument various methods that appellant may resort to to deprive appellees of their right to enjoy the demised premises, but they are not alleged in the bill as a fact, furnishing ground for obtaining the injunction without notice.

There was ample time between the filing of the bill, September 14, 1901, and the time provided for possession of the premises by the appellees, January 1, 1902, for notice to have been given, and if appellant was threatening to do anything which would unduly prejudice the rights of appellees, if notice of the application were given, it should have been alleged, so that, in the language of the statute, it might "appear from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice."

It is not enough that the prejudice should be made to appear by argument in support of the injunction already issued, but it must appear on the face of the bill or affidavit as a precedent to the issuance of the injunction.   The injunction was improperly ordered.   Board of Trade v. Riordan, 94 Ill. App. 298; Becker v. Dejcbaugh, 66 Ill. App. 504; Thurston v. Chott, 86 Ill. App. 543; Chicago v. Ward, 76 Ill. App. 536; Henderson v. Flanagan, 75 Ill. App. 283.

The order will be reversed and the injunction dissolved. Reversed.