## Edward E. Sprague v. Monarch Book Company.

1. Injunctions—*Where Notice Must be Given.*—Notice of an application for injunction must be given unless it is clearly necessary to act without notice.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed. Opinion filed January 16, 1903.

This is an appeal from an interloctury order of the Circuit Court of Cook County, granting a temporary injunction without notice.

The bill of complaint, filed by the appellee, alleges that the Monarch Book Company for several years has been and is now engaged in the business of manufacturing, publishing and selling at wholesale, popular subscription books, and that it was incorporated under the laws of the State of Illinois, May 25th, A. D. 1894; that its present place of business is in Chicago, with a branch office in Philadelphia; that its business is carried on by means of agencies established in every state and territory of the United States;

that during the year it employs thousands of local canvassers; that it was the first to use the word Monarch in connection with any firm or company engaged in selling books; that the word Monarch in the book business has an arbitrary meaning, and is not descriptive, but has become exclusively identified with the books and publications of appellee; that it now has a reputation with the people of the United States as a book publishing concern for honesty and fair dealing; that it has expended a very large amount of money in advertising its name as a house publishing and selling books; that it has a paid-up capital and assets of $100,000 and a surplus of $75,000, while the alleged capital of appellant is $10,000, and will consist, as appellee is informed, of the assets of J. H. Moore & Company, an unsuccessful concern; that the name Monarch Book Company appears upon each one of its own publications; that appellant with other persons has conspired to deprive the appellee of the profits that had accrued to it and which would fairly be earned by it by reason of such a large expenditure of money, and with intention of taking advantage of the reputation earned by the Monarch Book Company and of deceiving and misleading the public into believing that the Monarch Book Company had established a wholesale branch of its own business under the title of "Monarch Wholesale Company," and meaning and intending to engage in an unfair and unlawful competition in trade with the Monarch Book Company. Appellants, on or about March 13, 1902, made an application to the Secretary of State of Illinois for incorporation under the laws of the State of Illinois, under the name of "Monarch Wholesale Company;" that the purpose and object of said Monarch Wholesale Company, as stated in their application for incorporation, is to print, bind, publish, buy, sell and advertise books, periodicals, pamphlets and papers, and carry on a general publishing business; that the name of the said proposed corporation has been adopted to mislead the public; that appellee believes that great confusion will arise at the postoffices in the delivery of letters or other mail addressed to the two

companies; that if appellant and his associates are permitted to effect the incorporation of their company, great and irreparable loss and damage will accrue to the Monarch Book Company, which can not be adequately compensated by money damages.

. Prayer is for perpetual injunction restraining " defendants " and each of them from completing said proposed incorporation or from using the name " Monarch Wholesale Company " as a firm or copartnership, or from using the name " Monarch " in connection with the publication or sale of books, or holding themselves out as in any way connected with the Monarch Book Company; and that the said " defendants " be likewise restrained in like effect while this cause is proceeding to final decree. Motion for an injunction was heard on the bill and the order for a writ of injunction thereupon was issued.

Newman, Northrup & Levinson, attorneys for appellant; Aaron Heims, of counsel.

Felsenthal & Foreman, attorneys for appellee.

Mr. Justice Burke delivered the opinion of the court.

In this case the Circuit Court ordered the issuance of a writ for temporary injunction without notice.

Appellant asks that order be reversed on the ground that it was issued without notice to himself or to any of the defendants and that no facts appear in the bill or affidavit which warrant the issuance of an injunction without notice. The statute, section 3, chapter 69, (Injunctions) R. S., is, viz.:

" No court, judge, or master, shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear from the bill or affidavit accompanying the same that the rights of the company will be unduly prejudiced if the injunction is not issued immediately or without such notice."

The affidavit attached to the bill contains no allegation

that the rights of the company will be unduly prejudiced if the injunction is not issued without notice. The bill alleges that (1) the Monarch Book Company has a large capital invested and is widely known as publishers and sellers of books and sends out a large amount of advertisers; that (2) defendants made an application to the Secretary of State of Illinois under the name of " Monarch Wholesale Company;" that (3) the defendants, through the proposed corporation of Monarch Wholesale Company, intend to cover the same territory and handle the same class of publications as handled by the company, and intend to engage in unfair competition in trade and thereby to mislead the public into believing that the Monarch Wholesale Company is but the wholesale department of the company; (4) that thereby confusion will arise at the postoffices in the delivery of mail and that if said defendants are permitted to perfect the corporation, irreparable loss and damage will accrue to the company.

It appears from the bill that the company has offered to repay defendants moneys expended by them in and about procuring license for incorporation, and the company further states in its bill that said defendants have wholly refused and still refuse to desist from completing their proposed incorporation, and will, unless restrained by injunction, perfect such organization and carry out the purposes for which said company is sought to be incorporated. No allegation is found in the bill which states any reason why an injunction should be granted without notice to the defendants. It is not therein stated that they or some of them could not have been conveniently served with notice. It is true that notice will not be required when the mere act of giving notice may be productive of the mischief apprehended. 1 High on Injunctions, Sec. 22. The bill need not contain a statement that the giving of notice would be productive of the injury sought to be avoided, but the allegations of fact must be such that a conclusion fairly may be drawn therefrom that the acts sought to be enjoined will be completed and thereby the rights of the

complainant unduly prejudiced if the injunction prayed for is not issued without notice. To obviate the necessity of giving notice a mere possibility that the giving of notice of the application for injunction might produce or enhance imaginary mischief is not sufficient. The well-settled rule is that notice of the application for injunction must be given unless it is clearly necessary to act without notice. Nusbaum v. Locke, 53 Ill. App. 244; Chicago City Railway Co. v. Montgomery Ward & Co., 7 6Ill. App. 536.

It is insisted that unless jurisdiction had been granted without notice to defendants, that they might have completed their proposed organization before the application for injunction could have been heard by the court; but no statement to that effect is made in the bill, and it does not appear to us, by reading the allegations of the bill as set forth in the abstract of record, there would not have been sufficient time, after the complainant concluded to close his negotiations with the defendants, to have served notice of the intended application to the court upon those defendants who conveniently could have been served. The statutory acts necessary to complete the incorporation in this case would have required sending or writing to Springfield and consequently the lapse of some considerable time. Further, conceding the possibility that the defendants could have completed their proposed organization before an order for an injunction could have been procured, if notice had been given, nevertheless it does not follow that irreparable injury or any injury whatever would have come to the complainant, merely because of the completion of the proposed organization. The bill does not show, nor can it be inferred from any allegations therein, that the mere completion of the proposed organization would have deprived the company of its rights, nor does it appear therefrom that the rights of the defendants would have become greater in consequence of the completion of their proposed organization. If complainant can show that he has the exclusive right to the use of the word "Monarch" in the prosecution of his business, the fact, of itself, that the court is called upon a

few hours earlier or later to protect his rights can work no irreparable loss or damage to him.   The injunction order further restrains the defendants from holding themselves out to the public as connected with or as a branch or department of the company.   It is self-evident that no irreparable loss could have come to the company in connection with this matter, if notice had been given to the defendants before application for injunction was made.   We desire to emphasize by repeating the language used by this court in Chicago City Railway Co. v. Montgomery Ward & Co., *supra*, " The extraordinary remedy of injunction without notice should not be allowed except in extreme cases," and we will add that the injunction writ must not be granted except in cases where the statute is strictly complied with. If a defendant who is financially irresponsible is about to withdraw money from the bank, an injunction without notice may be shown to be necessary.   Where the facts stated show that there is imminent danger of prejudicial action if notice be first given, injunction may be granted without notice, but the remedy by injunction is of such a nature that it should not be invoked except in extraordinary cases.   Such is the practice in this county, that notice of application for injunction may be given the defendant and immediate application be made to the court to grant an order for temporary injunction and if the court can not hear the matter at once, he may set the time for hearing for an early hour and enter such order as will preserve the rights of the parties and hold the matters in controversy in *statu quo* until such hearing, and a court with power to grant an injunction may be found in session substantially at all hours of the day.   Board of Trade v. Riordan, 94 Ill. App. 298; Leiter v. Baude, 99 Ill. App. 64.   There is no allegation that the defendants are financially irresponsible.

We decide upon the facts of this record that the injunction in this case was improperly issued without notice.

The order will be reversed and the injunction dissolved.