## Sol. H. Goldberg, Appellee, v. Henry D. Laughlin, Appellant.

### Gen. No. 14,234.

INJUNCTION—*what essential to valid issuance of, without notice.* In order to grant an injunction without notice, either the bill or an affidavit must state facts from which the court can see that irreparable injury will ensue unless the injunctional order prayed is issued without notice.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. C. M. WALKER, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed December 2, 1907.

DEFREES, BRACE & RITTER, for appellant.

JOSEPH GRANICK, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an interlocutory order granting a temporary injunction without notice. The facts as they appear from the bill are substantially that Goldberg, being indebted to Laughlin to the amount of $5,562.50, gave his note for that sum to Laughlin, dated April 25, 1906, and payable January 1, 1907, with seven per cent. interest. To secure this note Goldberg assigned as collateral security fifty shares of preferred

stock of the Hump Hairpin Company, of the value of $5,000. On this indebtedness there was paid $4,500. Laughlin on September 14, 1907, started suit against Goldberg in the Superior Court in an attempt to reduce the balance due on the note to a judgment against him, which suit is pending and undetermined; that Laughlin, without notice to Goldberg, made a pretended sale to himself of the fifty shares of stock for the nominal sum of $5 and evidenced the same by the following indorsement on the note, viz: "This note is entitled to a further credit of $5, proceeds of sale of the collateral referred to in it, which sale was made by me at the door of the Union Trust Company in Chicago, September 13, 1907, at 1 P. M. of that day." The note given contained an authority to sell the collateral without notice to Goldberg, with the right in Laughlin to purchase at the sale; that these actions of Laughlin were for the purpose of unconscionably acquiring the stock valued at $5,000 for himself and to enforce payment of the amount still remaining due on the note. While a tender is averred the facts recited as attending such tender do not constitute one in law. It was made, not to Laughlin, but to his attorneys of record here.

It is then charged that Laughlin threatens to dispose of the stock to an innocent purchaser for value, the effect of which, if carried out, will be to work irreparable injury to Goldberg. The prayer is for an order restraining Laughlin from disposing of the stock, etc., and averring that unless the injunction is issued without notice appellee will suffer irreparable injury.

While the averments of the bill if sustained by proof seem sufficient to establish a not only very sharp but a most unconscionable transaction, and that the total inadequacy of the price for which the stock was both sold and bought by Laughlin may be sufficient to raise a strong presumption of fraud in a court of equity, and it being quite apparent that no cause is stated calling for an interference with the prosecution of the suit

Goldberg v. Laughlin.

at law, yet with none of these questions are we at the present time concerned. Our review is confined to the sole question of whether the chancellor of the Circuit Court was justified from the averments of the bill and affidavit filed in granting the injunction as he did without notice.

The only power to grant an injunction without notice is that conferred by statute, section 69, chapter 3, R. S., viz.: "* * * unless it shall appear from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without notice."

This clause of the statute has been so often interpreted by this court that all we need now do is to refer to a few of the cases which contain the doctrine applicable, and to our views concerning its application.

We have searched the bill and affidavit filed with it in vain in an endeavor to find a statement of any fact constituting a reason for Goldberg's fear of irreparable loss unless the injunction prayed is issued without notice. The statute contemplates that either in the bill or affidavit such facts must be stated from which the court can see that irreparable injury will ensue unless the injunctional order prayed is issued without notice.

As said in Suburban Construction Co. v. Naugle, 70 Ill. App. 384: "This court has repeatedly held that to avoid the necessity of notice under the statute, the complainant must show such facts by sworn statements, either in the bill or by affidavit, * * * as will lead the court to the conclusion that the rights of complainant will be unduly prejudiced if notice be given before the writ issues." Lester v. Baude, 99 Ill. App. 64; Chicago City Ry. Co. v. Montgomery Ward & Co., 76 ibid. 536.

The exception in the statute to the provision that an injunction shall not issue without notice is so contrary to natural justice and to the spirit of our laws

that one shall not be condemned or his property rights injuriously affected, even temporarily, without being first heard in his own defense, as to require every material condition imposed by the exception to be substantially complied with before the court is permitted to exercise the summary power thus conferred.

The order of the Circuit Court granting an injunction without notice to appellant is reversed.

*Injunctional order reversed.*