Frank W. Rieder et al., Appellees, v. Levi B. White et al., Appellants.

Gen. No. 16,890.

INJUNCTIONS—*what essential to granting without notice.* To avoid the necessity of notice under the statute the complainant must show such facts by sworn statements, either in the bill or by affidavit, as will lead the court to the conclusion that the rights of the complainant will be unduly prejudiced if notice be given before the writ issues.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed April 7, 1911.

BENJAMIN C. BACHRACH, for appellants.

BEACH & BEACH, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal by Levi B. White, Benson Landon and Arthur C. Bachrach, defendants below, from an interlocutory injunction order of the Superior Court entered against them on July 22, 1910.

The bill of complaint was filed on that day, and avers that the complainants, Frank W. Rieder and Edith K. Rieder, his wife, of the city of Chicago, county of Cook and State of Illinois, were, on that day, the owners in fee simple of the following described lands, to wit: The southeast quarter of the southwest quarter and the southwest quarter of the southeast quarter of Section thirteen, township nineteen, range two east, also the northeast quarter of the northwest quarter, and the northwest quarter of the southeast quarter of section twenty-four township nineteen, range two east, situated in Juneau county, State of Wisconsin; that

said lands were on that date and for several months prior thereto, of the fair cash value of $960, or six dollars per acre, and were subject to certain liens or encumbrances for taxes and assessments theretofore levied thereon, but not then due and payable; that prior to September 22, 1906, upon or about September 1, 1906, Levi P. White, the defendant below, desired to purchase from complainants the above described lands, and the complainants offered to sell the lands to Levi B. White for $960 net to themselves, and White agreed to buy the land and pay therefor the sum of $960, and to take the lands subject to liens, encumbrances or charges against them, on account of any and all installments of taxes or assessments which should become payable thereafter; that prior to September 22, 1906, White personally inspected the lands and was informed of the taxes and assessments which had prior thereto been levied and were a lien or charge upon said premises, amounting to about $600, payable in annual installments during a period of years after September 22, 1906, and agreed to assume and pay the installments of taxes and assessments so levied; that for the purpose of carrying out the verbal agreement above described between White and the complainants, on September 22, 1906, a warranty deed was prepared, conveying and warranting the premises to White, which deed was executed by the complainants and was delivered by them to White, and White thereupon paid the complainants the price agreed upon for said conveyance, namely, the sum of $960; that by a mistake and an oversight of the complainants and of the defendant White, no apt or proper provision was inserted in the warranty deed to show that the conveyance was made by the complainants subject to the taxes and assessments above described, which had been theretofore levied against the property; that the complainants had no knowledge or information, and had no notice of any kind, until about three years after the deed was executed, that it failed to convey the

lands in accordance with the contract or agreement for the sale thereof, which had been made, and had no notice or information that White made any claim against the complainants, or either of them, by reason or on account of the unpaid installment of taxes or assessments which became payable after September 22, 1906, until on or about October 14, 1909, when the complainant received a statement or bill from White of a claim by him of $625.38 for a drainage tax upon the land.

The complainants further aver that on or about June 24, 1910, the defendant, Levi B. White, commenced suit in the Municipal Court of Chicago against the complainants on a claim for breach of covenant of the warranty deed, and claiming from the complainants the sum of $625.55 by reason and on account of the taxes and assessments against said premises.

The bill claims and asserts that the claim against the complainant is inequitable and injust, and is, in effect, a fraud upon the complainants, and the prosecution thereof should be enjoined until the hearing of the cause, and that upon the hearing a decree should be entered perpetually enjoining the defendant White and his agents and attorneys from prosecuting the suit or claim, and that the deed made by the complainants should be reformed, so as to conform to the agreement or contract for the sale of the lands, and that they are informed and believe that unless the defendant White and his agents and attorneys be enjoined from prosecuting the suit in the Municipal Court of Chicago, a judgment will be entered against the complainants in the suit on July 26, 1910, because of the inability of the complainants to file any better, further or more specific affidavit of merits therein than has already been filed therein, and that the complainants will suffer irreparable injury by reason thereof; that Benson Landon and Arthur C. Bachrach, who are also made parties defendant, are the agents and representatives of White in the prosecution of the suit in the Municipal Court,

and that they, together with White, should be enjoined from prosecuting the suit.

The bill further avers that in the deed above mentioned Levi B. White was described as a resident of the city of Chicago, county of Cook and State of Illinois, but the complainants are informed and believe that White is in Chicago only a portion of his time, and at present is not in the city of Chicago, and in consequence thereof it is impossible to serve notice upon him of the application for an injunction; that by reason thereof the complainants will be unduly prejudiced and will suffer irreparable injury if the injunction is not issued immediately, or without notice, restraining the defendants, their agents and representatives from prosecuting the suit in the Municipal Court. The bill is supported by the affidavit of the complainant, Frank Rieder, which says that he is one of the complainants in the foregoing bill of complaint, and has read the same, and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters and things which are therein stated to be upon information and belief, and as to those matters and things he believes them to be true. No other affidavit was presented to the court, according to the record, upon the application for an injunction.

Section 3 of chapter 69, Hurd's Revised Statutes, entitled "Injunctions," reads as follows:

"No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can be conveniently served, unless it shall appear from the bill, or affidavits accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice."

We think the statute contemplates that either in the bill or affidavit such facts must be stated from which the court can see that irreparable injury will ensue unless the injunctional order prayed for is issued with-

out notice. The courts in this State have frequently held, under this statute, that to avoid the necessity of notice under the statute, the complainant must show such facts by sworn statements, either in the bill or by affidavit, as will lead the court to the conclusion that the rights of the complainant will be unduly prejudiced if notice be given before the writ issues. Goldberg v. Laughlin, 137 Ill. App. 283; South Park Commissioners v. Farson, 119 Ill. App. 337; Sprague v. Monarch Book Company, 105 Ill. App. 530.

We find in the bill no statement of any fact constituting a reason for the complainants to fear that irreparable loss will be suffered by them unless the injunction is issued without notice. The mere conclusion of the pleader is stated. The bill was filed and the injunction was issued four days before there could have been any judgment entered in the Municipal Court in the suit mentioned in the bill. No facts are shown in the bill from which the court can infer that irreparable damages will follow the failure to grant the injunction without notice. There appears simply the statement that the complainants are informed and believe that White is in Chicago only a portion of his time, and at the time the bill was filed was not in the city. From whom the information is obtained, or the character of the information, or when the information was obtained, is not shown by the bill. What portion of time White is in the city and what portion of the time he is out of the city is not alleged, nor is it alleged how long he will remain out of the city; and for all that appears in the bill, White might have been in the county of Cook at the time the bill was filed. Further, it does appear that Benson Landon and Arthur C. Bachrach were shown to be the agents and representatives of White in the prosecution of the suit in the Municipal Court, and no facts are shown excusing the complainant from serving Landon and Bachrach with the notice of an application for an injunction.

The averments of the bill fail to show the statutory

grounds for excusing the failure to give the notice required by the statute. For this reason we think that the injunction was improvidently granted, and the order appealed from must be reversed.

*Reversed.*