A. Daigger and Company, Appellee, v. Maurice M. Kraft et al., Trading as Almar Chemical Company, Appellants.

Gen. No. 38,413.

Opinion filed October 4, 1935.

DAVID H. KRAFT and JAFFE & GREEN, all of Chicago, for appellants; DAVID H. KRAFT and JAFFE & GREEN, of counsel.

JONES, ADDINGTON, AMES & SEIBOLD, of Chicago, for appellee; ALBERT F. MECKLENBURGER, of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

June 18, 1935, plaintiff filed its verified bill against defendants praying that they be enjoined from using trade lists, lists of customers, and other data and information which it was alleged that Maurice M. Kraft, one of the defendants, had surreptitiously abstracted from plaintiff's files while he was employed by plaintiff. The bill further prayed that defendant Maurice M. Kraft be enjoined from prosecuting a suit which he had brought against plaintiff in the municipal court. The prayer was that a temporary injunction issue immediately and without notice and that after hearing it be made permanent. On the same date an order was entered without notice to defendants, as prayed for. On June 24th defendants moved to dissolve the injunction on the sole ground that no notice of the application for the injunction was given, as required by statute. The motion was overruled and the defendants prosecute this appeal.

Section 3, chapter 69, Ill. State Bar Stats. 1935, provides: "No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear from the complaint or affidavit accompanying the same that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without such notice."

In *Chicago City Ry. Co. v. Montgomery Ward & Co.*, 76 Ill. App. 536, the court said (p. 541): "The extraordinary remedy of injunction without notice should not be allowed except in extreme cases, and as a general rule may be avoided where there is apprehension on the part of a complainant that he may be deprived of the benefits of the injunction he seeks by some action of defendant after notice is served and before

the application can be heard, by giving notice of an immediate application to the chancellor, when, if there can not be a hearing at once, the chancellor may require matters to remain in *statu quo* pending the hearing, by a stay order, or issue the injunction instanter, and give defendant a hearing upon motion to dissolve. There appears to us no reason why such a course could not have been pursued in this case.''

Rule 31 of the Supreme Court and Rule 21 of this court are identical. The pertinent portion of these rules is as follows:

''Where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on notice, a motion to vacate the order or decree to the trial court entering such order or decree. Appeal may be taken if the motion is denied.''

Counsel for defendants followed this provision of the rules by making a motion to dissolve the injunction, but limited their motion to the sole ground that notice had not been given defendants of the application for the injunctional order. But counsel for plaintiff say that the allegations of fact in the bill and in the affidavit accompanying it are sufficient to excuse the giving of the notice, because the Statute above quoted provides that no notice need be given where the facts disclose that if such notice were given plaintiff's rights would ''be unduly prejudiced.''

The allegations of the bill, so far as it is necessary to state them for the purpose of this opinion, are that plaintiff is a corporation engaged in the business of manufacturing, buying, selling and dealing in chemicals, colors, oils, and similar products, and that it has been in such business in Chicago for more than 40 years; that defendant Maurice M. Kraft was in its employ for more than 12 years; that Kraft, by virtue of his employment, had access to plaintiff's files and was familiar with plaintiff's system and method of

doing business, and that his work was of a highly confidential nature; that during part of his employment he was paid $8,750 per year as well as expenses, and at the time in question he was drawing a salary of $100 a week and expenses; that up to about May 20, 1935, plaintiff had implicit confidence in Kraft; about that time it learned that Kraft had been betraying the confidence imposed in him, and that for a long period of time prior to that date he had surreptitiously, without plaintiff's knowledge, removed a great many of plaintiff's confidential records, including its lists of customers, report sheets, and other records; that Kraft was setting up a rival business and had with him in that undertaking defendants Fred Harris and Joseph Kaneski, two other former employees of plaintiff; that Kraft was using the records he had abstracted, soliciting customers for a rival business conducted by him and his wife, Alice A. Kraft, under the name of the Almar Chemical Co.; that Kraft demanded payment of $100 which he claimed to be due him for weekly salary, which plaintiff refused to pay on the ground that Kraft had surreptitiously abstracted the records while he was in plaintiff's employ, and that shortly thereafter Kraft brought the suit in the municipal court of Chicago to recover the $100.

The affidavit of plaintiff's vice president, who was general manager, which accompanied the bill, set up substantially the same facts as alleged in the bill and in addition charged that when Kraft was accused of having surreptitiously removed the records, he at the same time demanded the $100, which plaintiff refused to pay, Kraft assaulted plaintiff's manager.

There are other matters in the bill and the accompanying affidavit, all to the effect that Kraft had surreptitiously abstracted plaintiff's records while he was employed by plaintiff, was setting up a rival business and soliciting business from plaintiff's customers and endeavoring to undersell it.

It is further alleged that after plaintiff learned some of its records had been taken, as above stated, it brought an action of replevin in the municipal court against Kraft to recover them, but that the bailiff was unable to obtain service upon Kraft.

Counsel for plaintiff, in support of its contention that the injunction was properly issued without notice, say: "The giving of notice of the application for injunction in this case would have served only to effect delay and to afford to these appellants opportunity to devise ways and means for making and preserving for future use copies of these records of their former employer. It could not be foretold what amount of time would be lost in the vain attempt to give notice. Meanwhile appellants would have been unhampered in the use of appellee's records and, as the bill alleges, the good will and esteem of plaintiff's customers would be seriously impaired, the value of its trade lists, acquired through many years of business activity, would be greatly damaged, and defendants would acquire the benefit thereof without compensation to plaintiff and to its irreparable damage."

We think this contention—that defendant Kraft or some of the defendants could not have been conveniently served with a notice of the application for the injunction as required by the statute—is not borne out by the record. The affidavit of plaintiff's executive vice president and manager, which accompanied the bill, as above stated, set forth that on May 27, 1935, he received a telephone inquiry from R. G. Dun & Company with regard to Kraft, and was then informed by Dun & Company's representative that some three weeks prior to that date Kraft had initiated a business of his own or in association with others, under the name of Almar Chemical Co., at 2016 West Lake street, Chicago, and was there engaged in buying, selling, or dealing in chemicals, colors, oils and similar products, being the same line of business in which plaintiff was

engaged, and that Dun & Co. could not get in contact with Kraft.

There is no showing that plaintiff could not have served Kraft or some of the defendants at the Lake street address or that it could not have left or mailed a notice, as Rule 17 of the circuit court provides.

Courts of Cook county are in session at all seasons of the year, where an application for an injunction can be had within a few minutes, or at most a few hours. But the order entered, from which this appeal is prosecuted, does not enjoin the defendants from engaging in a competing business nor from using the knowledge obtained by defendants Kraft, Harris and Kaneski while they were employed by plaintiff. Defendants have been enjoined only from using plaintiff's lists of customers and other written data which was surreptitiously abstracted from plaintiff's files. Obviously, defendants had no right to use such lists obtained by them in the manner alleged in the bill, and the use of such lists by defendants would tend to irreparably damage plaintiff. If notice had been given of the application for the injunctional order, defendants might make away with the lists and other data so that the injunction would have been of little or no value.

Where the giving of a notice for the application for a preliminary injunction may be productive of the mischief apprehended by inducing the defendant to accelerate the act in order that it may be completed before the time of making the application arrives, an injunction will be awarded without notice. *Chicago Exhibition Co. v. Illinois State Board of Agriculture,* 77 Ill. App. 339; 2 Daniell's Chancery Pl. & Pr., 6th Amer. Ed., p. 1665. Daniell's, on the page cited, says: "where the mere act of giving notice to the defendant of the intention to make the application might be, of itself, productive of the mischief apprehended, by inducing him to accelerate the act, in order that it might be complete before the time for making the applica-

tion should have arrived, the Court will award the injunction without notice.''

The order of the circuit court of Cook county is affirmed.

*Order affirmed.*

McSurely, P. J., and Matchett, J., concur.