Harry T. Mitchell, Appellee, v. Alma C. Mitchell, Appellant, and Phyllis J. Kyrides, Defendant.

Gen. No. 46,902.

First District, Second Division.
May 29, 1956.
Released for publication June 19, 1956.

Arvey, Hodes.& Mantynband, of Chicago, for defendant-appellant; Howard Arvey, Robert O. Mansell, and Walter N. Kaufman, all of Chicago, of counsel.

Robert J. Dempsey, and Edward V. Donovan, Jr., both of Chicago, for plaintiff-appellee.

JUDGE ROBSON delivered the opinion of the court.

This action was brought by Harry T. Mitchell, plaintiff, to recover certain real and personal property transferred to his wife, Alma C. Mitchell, defendant, either by plaintiff himself without consideration, or by others in consideration of plaintiff's funds. Plaintiff alleges that the defendant had committed acts of fraud, undue influence, and conversion in acquiring and in dealing with the property. (Codefendant Kyrides was subsequently joined in the action but she does not appeal.) The trial court without notice and without bond, based upon the verified complaint and petition, granted plaintiff's motion for temporary injunction restraining defendant from disposing of or dealing in any manner whatever with any of the real and personal property held in her name. Defendant filed her motion to vacate and dissolve the injunction. This motion was overruled. Defendant appeals from the order.

Defendant's contentions for reversal of the trial court's order are (1) that the allegations of the complaint are insufficient to support an injunction issued without notice, and (2) that the allegations of the complaint do not support the conclusion that there was good cause shown for issuing the injunction without bond.

As to the first contention, the verified complaint in question is a lengthy one consisting of four counts. In

438

substance, it alleges that the defendant and plaintiff were married in 1952 and lived together as husband and wife until about April 1, 1955; that at the time of their marriage plaintiff was wealthy; that shortly after their marriage plaintiff and defendant opened a joint checking account for the purpose of affording to the defendant convenient access to funds for paying for household and other ordinary and necessary family expenses; that defendant made no deposits in the joint account; that plaintiff was informed and believes that defendant wrongfully withdrew more than $75,000 between December 12, 1952, and August 31, 1955; that a certain parcel of real estate in Wisconsin was purchased with plaintiff's funds and title taken in the name of the defendant; that subsequently the property was improved with a house; that certain stocks of a very substantial value of which plaintiff was the owner were transferred to the defendant without consideration; that certain life insurance policies having a very substantial cash value were transferred to the defendant without consideration; that these acts were done through the fraud and deceit of the defendant while she was married to the plaintiff and while occupying the status of a fiduciary; that she wrongfully converted the property to her own uses and deprived plaintiff of its benefits; that plaintiff had requested defendant to account to him for this property and that she had refused so to do; that at the time defendant accomplished these acts plaintiff was ill and enfeebled and this condition still persists, and is of such a nature that it will continue to persist and prevent plaintiff from future gainful endeavor; that the harm resulting to the plaintiff from the concealment or disposition by the defendant of his assets held in her name would be irreparable.

The verified petition for temporary injunction incorporates and adopts by reference each of the allegations of the complaint, and further alleges that plaintiff is seriously ill and under the care of a physician; that he

439

is incapable of gainful employment; that the only assets he possesses beyond those in the complaint are three life insurance policies upon which he has borrowed to the full extent; that there remains of the proceeds of these loans only $8,000 which is being used by him for living expenses and for the expenses of this litigation; and that he is dependent upon the recovery prayed for in his complaint for his future support and livelihood.

In paragraph 6 plaintiff further alleges "that he is informed and believes and therefore states the fact to be that the defendant has already attempted to conceal and place beyond his reach the assets of which she has wrongfully deprived him, and that upon receiving notice of this litigation, or of the injunction prayed for herein, she will endeavor to conceal and dispose of all property under her control, and will deprive and defeat the plaintiff of any recovery to which he may be entitled by the decree of this Court."

Plaintiff further alleges that the harm resulting to the plaintiff from the concealment or disposition by defendant of these assets would be irreparable; that the cost of a bond in the light of plaintiff's present circumstances and the subject matter of this cause would be prohibitive. On the basis of the verified complaint and petition the trial court entered the injunction without notice and without bond.

Defendant contends that paragraph 6 of the petition is the most material allegation in support of the injunction and being on information and belief is not sufficient to support the injunctional order. She states that in this case, as in Board of Trade v. Riordan, 94 Ill. App. 298, 309, the "essential allegations of the bill, which are relied upon to entitle appellee to the orders granted, are in relation to the acts of the appellants," and since the "necessary allegations must be verified

440

positively" the injunctional order, based upon material allegations verified only on information and belief, cannot stand. Defendant further contends this court has held that, as a matter of law, allegations made merely upon information and belief cannot support an injunction even when issued with notice. Crawford-Adsit Co. v. Bell, 95 Ill. App. 427, 428; Fox v. Fox Valley Trotting Club, Inc., 349 Ill. App. 132, 137–8. In each of these cases cited by defendant a substantial portion of the facts and circumstances urged in support of the issuance of the injunction were upon information and belief.

██ In the instant case we have set forth at some length the allegations of the complaint and petition. An examination shows that approximately five lines of the complaint and only paragraph 6 of the petition, as quoted, are stated on information and belief. A careful study reveals that paragraph 6 is merely a summation of what plaintiff believes would occur if defendant were to be given notice of this litigation. In fact, none of the elements alleged in paragraph 6 were susceptible of absolute knowledge and to so state would have been improper. If we were to follow defendant's theory we would have to isolate this language from the many other allegations of the complaint and petition and consider it alone. This we cannot do. We must examine the complaint and petition as a whole and reach our conclusion on the basis of all the proper and necessary allegations. Applying this statement, it is clear that it was not this single paragraph which caused the court to issue the injunction, but it was the numerous other proper substantive allegations.

██ Defendant further states that an examination of the complaint does not clearly show that plaintiff's rights would have been unduly prejudiced had notice to the defendant been required. She cites the per cu-

riam decision of our court in Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill. App. 271, and quotes the following language at pp. 273–5:

". . . almost every opinion of this court which has had occasion to take notice of this question, has emphasized the need for great caution in the granting of such orders, whether for receivers or for injunction. Brin v. Craig, 135 Ill. App. 301; Crown Building Corporation v. Monroe Amusement Corp., 326 Ill. App. 430; Koelling v. Foster, 150 Ill. App. 130, 134; Kessie v. Talcott, 305 Ill. App. 627; Sprague v. Monarch Book Co., 105 Ill. App. 530; Chicago City Ry. Co. v. Montgomery Ward & Co., 76 Ill. App. 536. . . .

"Even when granted upon a full and final hearing, injunctions are considered extraordinary remedies. They are more than extraordinary when granted after notice for a temporary period without issue having been joined and a hearing had. How extraordinary then must be the circumstances under which they should be granted without notice to the opposing party. In the most primitive concepts of justice, one of the fundamental requisites for the exercise of judicial authority over the person or property of another is notice. *The exceptions to this rule are rare, indeed. They embrace cases where by a stroke of the pen, a movement of the hand, or a tour de force executed overnight the defendant intends to and can destroy the substance of the litigation and thus defeat the power of the court to do justice.* Caution and circumspection must be the watchwords to guide the court's action and any doubts as to its wisdom must be resolved against the action. Only where these standards are meticulously observed will such orders survive review, for when an injunction is issued without notice in a case where notice should have been given, this court will reverse the order upon that ground without regard to any other question. This

442

has been the law as laid down in decisions of this court for more than half a century. . . .

"In the last analysis, to test the necessity for the issuance of an injunction without notice, *the court must ask whether in the minutes or hours required to procure a defendant's appearance, defendant could and would do that which would seriously obstruct the court's power to deal justly and effectively with the issue in dispute."* (Emphasis ours.)

We do not in any way disagree with this statement but we believe the exception which we have emphasized and not the general rule applies. Our courts have repeatedly recognized that where the assets involved are of such a nature that defendant can destroy the substance of the litigation "by a stroke of the pen, a movement of the hand," and where it appears from the pleadings that the plaintiff by reason of the past wrongful conduct of the party to be enjoined has good cause and reason to apprehend such action, the issuance of an injunction without notice will be allowed. A. Daigger & Co. v. Kraft, 281 Ill. App. 548; Anderson v. Hultberg, 117 Ill. App. 231; Loftis v. Loftis, 225 Ill. App. 478; Wanner v. Powell, 75 Ill. App. 297. Such was the instant case.

While we are well aware that the propriety of the issuance of an injunction without notice and without bond must be determined solely upon the pleadings before the court when it entered the order, we believe the subsequent acts of the defendant in the instant case, as revealed by a petition of plaintiff for rule to show cause, emphasizes the reason for the exception. The petition discloses that the day after the injunction was issued by the trial court and served on the defendant, she withdrew $3,125 from a bank account; that twelve days thereafter she sold stock worth over $7,000; that three weeks thereafter she pledged

443

stock as security for a $3,000 loan. Her answer to the petition admitted the acts. There had been no hearing on the petition and answer at the time the motion to dissolve the injunction was heard. The assets here involved were of a very fluid and disposable nature, and were clearly of the kind contemplated in the exception to the general rule.

Defendant's second contention is that the allegations of the complaint and the petition do not support the conclusion that there was good cause shown for the issuance of the injunction without bond. The Injunction Act states that "bond need not be required when, for good cause shown, the court or judge is of the opinion that the injunction ought to be granted without bond." Ill. Rev. Stat. 1955, ch. 69, sec. 9. The statute recognizes, and the opinions of this court have recognized, that making a bond a prerequisite to the issuance of an injunction is a matter in the sound discretion of the chancellor. Skelers v. Meyer, 246 Ill. App. 18; Grossman v. Grossman, 304 Ill. App. 507; Scholz v. Barbee, 344 Ill. App. 630.

It is apparent from reading the complaint that the trial court had the right to consider the allegations pertaining to the property of plaintiff in defendant's possession; that he had been deprived of it by the fraud of the defendant; that he was seriously ill and under the care of a physician and incapable of gainful employment; that the only asset he had was the remainder of funds from loans on insurance policies in the amount of $8,000; that the value of the assets of the plaintiff in the hands of the defendant was very substantial; that the amount of bond that would be required would be far in excess of the money that defendant had available, and that the ordering of a bond would therefore work an undue hardship on the defendant. On the basis of these allegations, we conclude that it was not an abuse of discretion to issue the injunction without notice and without bond.

444

The order of the trial court overruling defendant's motion to vacate the order of temporary injunction is affirmed.

Order affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.